NEW YORK,
Oct 1812.

## LEONARD against GIDDINGS.

LEONARD
v.
GIDDINGS.

A. sued B. on a written engagement, promising if C. did not pay A. for the goods delivered to him, on the recommendation of B., B. would be responsible for the amount. A. sued C. for the goods, and recovered judgment, on which execution was issued, and returned *nulla bona* by the constable; but, under circumstances which were supposed to make the officer liable for the debt. A. afterwards sued B., who set up the proceedings against C. &c. in his defences. It was held, that C. was liable on his promise to A. and that the matters set up in defence were no discharge; that A. having prosecuted C. to judgment and execution, without effect, was not bound to go further and prosecute the officer, for his supposed liability.

IN ERROR, on *certiorari*, from a justice's court. *Leonard* sued *Giddings* before the justice, on a written instrument, recommending one *Potter*, and promising if *Leonard* would let *P.* have a barrel of pork, he, *Giddings*, would be responsible with *P.* for the same. The cause was tried by a jury. The plaintiff proved the promise and the delivery of the pork to *P.* to the value of 13 dollars and 75 cents.

The defendant then proved that the plaintiff had sued *Potter* for the pork, and recovered judgment against him, on which an execution had issued, which was returned *nulla bona*. But though no levy was made, the constable took a receipt from *Jesse* and *Joseph Potter* for a horse, which they acknowledged to be held by them to be delivered to the constable at a certain day and place, to answer on the execution. The horse was not delivered, nor was any thing collected on the execution, which was not actually returned until after the expiration of 30 days from the time it issued. The constable sued *Jesse* and *Joseph Potter* on their receipt, and recovered judgment against them, on which execution was issued, which was returned *nulla bona*. These facts appeared from the entries in the minutes, or docket book, of the justice. The evidence on the part of the defendant was objected to by the plaintiff, but the objection was overruled by the justice, and the jury found a verdict for the defendant, to which no objection was made by either of the parties who were present at the time.

*Kellogg*, for the plaintiff in error.

*Richardson*, contra.

*Per Curiam.* The defendant below was liable to the plaintiff upon his special promise, as it was in writing, and as it was supported by the consideration expressed upon the face of the agreement. Being liable, the matter set up as a defence was no discharge, for it was no satisfaction or payment of the debt. The plaintiff having pursued *Potter* to judgment and execution, without effect, was not bound to prosecute the constable, merely because he might have rendered himself liable for the debt.

Judgment reversed.