(23 Misc. Rep. 109.)

### THOMAS v. RISLEY.

(Supreme Court, Appellate Term. March 28, 1898.)

GUARANTY—PERFORMANCE OF CONDITIONS PRECEDENT.

The defendant guarantied in writing, as part of the consideration for the leasing of premises by plaintiff to one B., that, if default should at any time be made by the latter in paying rent and performing the covenants of the lease, he would pay the rent and damages arising from such nonperformance, "after all means have been exhausted against said B." *Held*, in an action upon the guaranty, that a prior suit and recovery of judgment by plaintiff against B., and the issuance and return of execution unsatisfied, constituted full compliance with the condition, and that plaintiff was not obliged to take supplementary proceedings against the judgment debtor as a condition precedent to the maintenance of an action upon the guaranty.

Appeal from city court of New York, general term.

Action by Dora M. Thomas against Charles F. Risley. Judgment for plaintiff (48 N. Y. Supp. 1116), and defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

John A. Grow, for appellant.
Theodore H. Friend, for respondent.

BEEKMAN, P. J. The respondent leased certain premises in the city of New York to one Robert G. Bredin, for the term of one year, reserving therefor a rental which the lessee agreed to pay in equal monthly installments. The lease also contained a covenant by which the lessee bound himself to pay the Croton water rent assessed upon the premises during the term demised. It was a part of the consideration of the letting that the appellant should guaranty the payment of the rent and the performance by Bredin of the other covenants contained in the lease which were to be performed by him. The guaranty, which was in writing, was accordingly executed and delivered simultaneously with the delivery of the lease. By its terms, the appellant covenanted and agreed with the respondent that, if default should at any time be made by the said Robert G. Bredin in the payment of the rent and the performance of the covenants contained in the lease on his part to be paid and performed, he (the appellant) would well and truly pay such rent, and also all damages that might arise in consequence of the nonperformance of said covenants, or either of them, without requiring notice of any such default from the respondent "after all means have been exhausted against said Bredin." Bredin having made default in the payment of certain installments of rent, and also having failed to pay the water rent as agreed, the respondent brought suit against him for the amount so due, recovered judgment therefor, and issued execution thereon, which was returned by the

sheriff wholly unsatisfied. Thereupon the respondent brought this action against the appellant upon the guaranty, setting up in her complaint the facts above stated, all of which were established by proof upon the trial. At the close of respondent's case, the appellant moved to dismiss the complaint on several grounds, one of which, and the only one that merits consideration here, being that the respondent had failed to show "that she had exhausted all the remedies or means against said Bredin, with whom the lease was made." The motion was denied, and an exception taken; whereupon, the appellant having rested, the court directed a verdict in favor of the respondent for the full amount claimed.

The sole question, therefore, which is presented by the record for our consideration, is whether, as a matter of law, the proceedings taken by the respondent against Bredin satisfied the condition of the guaranty expressed in the words "after all means have been exhausted against said Bredin." While it is conceded that the means thus referred to import legal remedies, it is still claimed that the respondent was not entitled to rest upon the return of the execution unsatisfied, but was bound to take proceedings supplementary to execution against the judgment debtor; and that, so long as there existed any remedy provided by law for the collection of a debt which had been untried by the respondent, the condition of the guaranty was unsatisfied, and no action thereon would lie. We do not consider this claim tenable. While it was entirely competent for the parties to the contract to have assented to such a condition, and to have made the limitation upon the guarantor's liability as broad as the claim here made, they did not explicitly do so, but, by the use of a general and somewhat inartificially framed stipulation, have left its meaning to be determined by the court, as a matter of construction.

The construction must be a reasonable one, and in harmony with that which the court has placed upon similar conditions. We are of the opinion that the guaranty in question was one of collection, and that the liability of the appellant did not attach until the respondent had exhausted her remedies for the collection of the claim against the principal debtor. When this had taken place is no longer open to discussion. Schmitz v. Langhaar, 88 N. Y. 503. In the case cited, the guarantor agreed to pay "in case the money cannot be collected." At page 506 the court says:

"In such a case the law of this state construes the obligation as an undertaking that the demand is collectible by due course of law, and the guarantor bound to pay the sum specified in the original contract, 'provided the principal is prosecuted to judgment and execution with due diligence, and the same cannot be collected of him.' Craig v. Parkis, 40 N. Y. 181. We have come to regard these proceedings, and the return of the proper officer that the writ cannot be enforced, as the best evidence that the method of procedure prescribed by law for the collection of debts has been followed, and of the debtor's inability to pay."

Again, at page 508 the court says:

"Nothing more is exacted; neither an execution against the person, although it might be had (Thomas v. Woods, 4 Cow. 173), nor proceedings to outlawry, in case of an absconding debtor (Ten Eyck v. Tibbits, 1 Caines, 427), nor, if the debt is collectible in a justice's court only, a transcript filed (Backus v. Shipherd,

11 Wend. 629), nor in any case a creditors' bill or proceedings taken analogous thereto; neither is the creditor required to pursue the sheriff, although that officer may have become liable for the debt by reason of failure to collect the execution, or other remissness of duty (Leonard v. Giddings, 9 Johns. 355). Thus has been defined the means which the creditors shall use, and the extent to which those means shall be employed. The execution is the end and finisher of the law. Backus v. Shipherd, supra. Beyond it no effort need be made, or means tried, or extraordinary proceedings of any kind resorted to."

In the case at bar the respondent has fully met the requirements of the law as thus laid down. She was "to exhaust all means against" the principal debtor; that is, she was bound to proceed against him first for the collection of the debt, and to employ all the remedies which in such cases the law declares to be appropriate for the purpose. When the execution against the principal debtor was returned unsatisfied, she had complied with all which the law prescribed as necessary to establish the ultimate fact on which the guarantor's liability was in effect predicated, namely, the inability of the principal debtor to pay the debt, and her right of action against the appellant became complete. All that the appellant urges here in support of a more enlarged construction of the guaranty under consideration by reason of the form in which it is expressed would apply with equal force to a case where the condition of the guaranty is expressed in the words "in case the money cannot be collected from the principal debtor,"—a stipulation which would seem to be quite as broad as the one under examination. In one sense, the inability to collect cannot be ascertained until every legal expedient to enforce payment which the armory of the law supplies has been resorted to and found futile. But, as we have seen, the law in such case defines a limit of effort which falls short of such an interpretation, and expresses the bounds of a reasonable compliance with the demands of such a condition, which is all that may be exacted. This limit excludes proceedings supplementary to execution. The creditor could not reasonably be expected, and is not therefore required to embark upon a sea of profitless and expensive litigation for the purpose of demonstrating his inability to collect his claim. We find no reason, in the peculiar phraseology of the guaranty in this case, for the application of any different rule. As we have already intimated, the parties could have extended the terms of the condition so as to include supplementary proceedings; but, upon what we think to be a reasonable construction of the very general language which they have employed, we are of the opinion that they have failed to do so. It follows that the judgment below must be affirmed, with costs.

Judgment affirmed, with costs.    All concur.