THE FULTON GRAIN AND MILLING COMPANY, LIMITED, Respondent,
*v.* JOHN ANGLIM, Appellant.

*Contract of sale — violation of an agreement that the vendee was to sell the merchandise to a third party — a guarantor is not thereby discharged — application of payments — proof required of the surety.*

A surety, who has guaranteed the payment for oats sold under an agreement by the vendee that they were for the use of, and to be sold only to, the Brooklyn fire department, and that all moneys received from such department were to be applied in payment thereof, is not relieved from his obligation because the vendee diverted a part of the oats to other purposes. and did not deliver them to the fire department as provided for in the contract of sale.

Where it appears that the vendee made other purchases from and had another account with the vendor, and that he, during the same period, also furnished other goods to the fire department, the burden rests on the surety to show that drafts of that department, which the vendee either directly or indirectly received, were given by it on account of goods sold under the particular contract, for the performance of which he was surety.

APPEAL by the defendant, John Anglim, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of April, 1898, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 29th day of April, 1898, denying the defendant's motion for a new trial made upon the minutes.

*George W. Sickels,* for the appellant.

*Paul Eugene Jones,* for the respondent.

CULLEN, J.:

This action is brought upon a guaranty of payment, executed by the defendant to the plaintiff, upon an executory agreement for the sale by the plaintiff to the firm of Anglim Brothers of 25,000 bushels of oats. The agreement provided that the oats were for the use of and to be sold only to the Brooklyn fire department. Anglim Brothers agreed to pay for the oats monthly, as delivered, and to apply all moneys received from the Brooklyn fire department to such payment, and that at any time, on demand, they would execute to the plaintiff assignments for any claim they might have

against the fire department for the oats so sold. Two defenses were pleaded : *First*, that a part of the oats were not furnished to the Brooklyn fire department ; *second*, that the plaintiff had been paid in full from drafts of the fire department in favor of Anglim Brothers. At the conclusion of the evidence the court directed a verdict for the plaintiff.

While Anglim Brothers agreed that the oats sold under this contract should be sold only to the Brooklyn fire department, this did not create any duty on the part of the plaintiff to see that the oats were so used by that firm. The contract contemplated a delivery to the firm, and at such time the title to the oats would pass to the firm and the property be beyond the control of the plaintiff. If Anglim Brothers diverted the oats to other purposes than that provided for in the agreement, it was a breach of the contract on their part which neither relieved them nor the defendant from liability.

As to the defense of payment, it appears that Anglim Brothers turned over to the plaintiff a number of drafts of the fire department in favor of the firm, which, in amount, exceeded the debt due from that firm to the plaintiff. But it also appears that, during the running of the contract in suit, Anglim Brothers made other purchases from and had another account with the plaintiff, and also, during the same period, the firm furnished other goods to the fire department. It is clear that the plaintiff and the firm of Anglim Brothers could not appropriate any moneys received from the fire department, and which, under the contract, were properly applicable to the payment of this claim, to other accounts and thus prejudice the defendant. (*Orleans County Nat. Bank* v. *Moore*, 112 N. Y. 543 ; *Farrington* v. *Frankfort Bank*, 31 Barb. 183 ; *Bridenbecker* v. *Lowell*, 32 id. 9.) But as we construe the contract between the parties, the only payments by the fire department which were to be appropriated to this debt were payments on account of the goods sold under the contract, not payments on account of other goods sold the department by Anglim Brothers. The burden rested on the defendant to show that the drafts of the fire department which the plaintiff either directly or indirectly received were on account of the goods sold under the contract. The draft of $1,444.40 was to the extent of only $547.58 for oats sold the department. In no event, therefore, was the defendant entitled to credit for more than

this sum, but even as to this amount it does not clearly appear that these oats were part of the contract lot. However, it is unnecessary to discuss this question further, as the judgment must be reversed for error regarding another item. The case seems to have been tried hurriedly, and the facts as to this draft or the goods for which it was paid may more clearly appear on another trial.

For the defendant a former bookkeeper of the firm of Anglim Brothers testified to a payment by check of the sum of $1,000 on account of this contract, for which Anglim Brothers were not credited. In answer to this one of the firm and the plaintiff's agent testified that the payment was not made on account of this claim, but on account of another claim against the firm. The testimony as to the details of this payment is extremely meagre. It was made by the check of the firm, but there is not a word in the evidence as to who delivered the check on the part of the firm, or as to what was the conversation or transaction at the time of the delivery. The testimony is simply a bald statement on the part of one witness that the payment was made on the account in suit, and by two other witnesses that it was made on another account. It is urged by the respondent that the bookkeeper took no personal part in the transaction, and that his evidence is either hearsay or merely a conclusion. But nothing of the kind appears in this meagre record, and no objection was made to the bookkeeper's testimony. As the record stands before us, there was a plain dispute of fact as to this payment, which should have been submitted to the jury for determination. .,

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed and new trial granted, costs to abide the event.