## FULTON GRAIN & MILLING CO. v. ANGLIM.

(Supreme Court, Appellate Division, Second Department.   November 21, 1899.)

GUARANTY—APPLICATION OF PAYMENTS.

> One who signs a guaranty of· payment for 25,000 bushels of oats after part thereof has, to his knowledge, been delivered, is not entitled to have subsequent payments applied on deliveries thereafter made, rather than on previous deliveries; the purchaser merely directing application on the 25,000-bushel contract.

Appeal from trial term, Kings county.

Action by the Fulton Grain & Milling Company against John Anglim. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

· Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Cyrus V. Washburn, for appellant.
Paul Eugene Jones, for respondent.

CULLEN, J.   This case has been before the court on a previous appeal.  34 App. Div. 164, 54 N. Y. Supp. 632.  The evidence on the second trial varied substantially from that given on the first, and the questions now presented to us were not raised on the former appeal.  It now appears that though the contract of sale and the defendant's guaranty bear date the 1st day of April, 1897, the guaranty was not in fact executed until a later time, and after some deliveries of oats had been made under the contract.  The parties are at variance as to the time at which the guaranty was signed; it being asserted for the plaintiff that it was but a short time after its date, and when but a few loads of oats had been delivered, while the defendant testified that he executed the instrument on

July 16th. It is conceded that the vendees had not paid for the oats delivered to them before the execution of the guaranty. The defendant testified that the plaintiff's manager and one of the vendees told him that the contract had but a few months to run, and that the purchasers had paid for all the oats delivered to them up to that time. The plaintiff's manager denied that he had stated that the vendees had paid for such goods as had been delivered. The defendant was allowed on the trial to amend his answer by setting up that the guaranty had been procured by fraud and false representations. The case was submitted on this issue to the jury, who found a verdict for the plaintiff. There is no complaint as to the manner in which the cause was submitted to the jury in this respect, and the verdict has eliminated the question of fraud from the case. But the appellant asked the court to charge that he was not liable for any oats delivered prior to the execution of the guaranty, and that any payments made by the purchasers after that time should be applied to the subsequent deliveries. This the court refused, holding that unless the defense of fraud was made out the appellant was liable on his guaranty.

The written agreement between the plaintiff and the purchasers, and the guaranty executed by the defendant, recite a future sale, and delivery to be made thereafter. The appellant contends that under this guaranty he cannot be held liable for deliveries previously made. The guaranty was for the performance of a single contract,—the purchase of, and payment for, 25,000 bushels of oats. What would be the effect on the appellant's liability of previous deliveries of oats, in case the fact of such deliveries was unknown to him, it is unnecessary to discuss, for he did know of such deliveries. He testified that he was told that the contract had only a couple of months yet to run, and that the goods delivered under it had been paid for. The delivery of the remainder of the oats was a sufficient consideration for the guaranty of payment for those already delivered. The case would seem to fall within the decision in Smith v. Molleson, 148 N. Y. 241, 44 N. E. 669. But, assuming that the appellant's contention in this respect is correct, we nevertheless think that the disposition of this case by the learned trial judge was proper, on the evidence given on the trial. The deliveries under the contract, and the times of delivery, were not disputed. The appellant fixed the date at which he signed the guaranty as July 16th. The contract price of the oats delivered subsequently to that time, as computed by the defendant's own witness, amounted to $4,303.75. The balance for which the plaintiff sued is only $2,685.10. The appellant is liable for this amount, unless he is entitled to have two payments made by the debtor to the plaintiff—one on August 11th for $2,439.60, and the other September 21st for $2,000—applied on the $4,303.75 for oats delivered after the execution of the guaranty. The only direction by the debtor as to the application of these payments was that they should be applied on the 25,000-bushel contract. There was therefore no obligation on the part of the plaintiff to apply them on account of the oats last delivered. It might apply the payments

as was most advantageous to it. "A debtor paying money to a creditor to whom he owes several debts may direct the application of the payment, because the money is his, and he may do as he will with it, and control its application. But the debtor must exercise his option as to the application when he makes the payment. After that the money has ceased to be his, and is no longer subject to his control. Then it belongs to the creditor, and he is master of it, and may control its application." Bank v. Webb, 94 N. Y. 467. "The mere fact that there is a surety for one of the debts does not preclude the creditor from applying a payment so received to the debt for which he has no security." Harding v. Tifft, 75 N. Y. 461. Where no application has been made by either party, payments will be applied to the oldest indebtedness. Hollister v. Davis, 54 Pa. St. 508. Under these rules, the payments operated to satisfy the earlier deliveries under the contract, and not the later ones. We said in our former opinion that the plaintiff "could not appropriate any moneys received from the fire department, and which, under the contract, were properly applicable to the payment of this claim, to other accounts, and thus prejudice the defendant." But those payments were applied in accordance with the terms of the contract. Possibly it may be claimed that the drafts of the fire department which constituted the payments were for oats delivered subsequently to the guaranty, and hence, in equity, should be applied on account of their purchase price. I have looked in vain through the case for any evidence to support this claim. The only evidence on the subject is that the drafts were "warrants by the city for August and September." There is nothing to show that these warrants were for deliveries made to the fire department in August or September,—much less, that they were for deliveries made by the plaintiff to the firm of Angline Bros. during those months. If the appellant was entitled to have these drafts applied on his liability, the burden rested on him affirmatively to show that they should be so applied. Under the evidence, therefore, the instructions asked for by the appellant were immaterial.

The judgment and order appealed from should be affirmed, with costs. All concur.