SWEENEY v. METROPOLITAN SURETY CO.

(Supreme Court, Appellate Division, Second Department. November 27, 1908.)

APPEAL AND ERROR (§ 1245*)—APPEAL BOND—COMPLAINT—PLEADING.

In an action on an appeal bond, a complaint alleging the recovery of a
judgment against the principal in the bond was not demurrable for failure
to allege that it was unpaid, payment being matter of defense.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4798½;
Dec. Dig. § 1245.*]

Appeal from Special Term, Kings County.

Action by Mary M. Sweeney against the Metropolitan Surety Com-
pany. From an interlocutory judgment for plaintiff overruling a de-
murrer to the complaint for want of facts, defendant appeals. Af-
firmed.

'Argued before WOODWARD, HOOKER, GAYNOR, RICH, and
MILLER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charles Haldane, for appellant.

Saul S. Myers (Edward B. Levy, on the brief), for respondent.

GAYNOR, J. The defendant gave its bond to the plaintiff as surety with Caulet as principal to pay $1,000 to the plaintiff; the condition of the bond being "that if the said principal shall pay any judgment which may be recovered against him in the above entitled action" (in which this plaintiff was the plaintiff), "then this obligation to be void." The complaint alleges the recovery of a judgment, but contains no allegation that it is unpaid. This case is no exception to the general rule that payment has to be pleaded as a defence. That the condition of the bond depends on payment by one other than this defendant does not make a difference. The bond is not to be construed, as the appellant contends, as an obligation in form to pay the judgment if the defendant therein does not, in which an allegation of non-payment might be necessary to the complaint. It is an absolute undertaking to pay, followed by a condition that it shall be void upon payment, which is the usual form.

The judgment should be affirmed.

Interlocutory judgment affirmed, with costs. All concur.