tion as to whether or not the services the plaintiff performed were satisfactory to the defendant, "or whether or not his services were executed with such skill and with such care as a reasonable man might be satisfied with. In other words, the question is submitted to you as to whether or not the services of the plaintiff were of such a character that the defendant was justified in discharging him." To this charge of the court the defendant duly excepted.

The charge tendered an erroneous issue to the jury, and prescribed a test for determining whether the defendant was justified in discharging the plaintiff different from that specified in the contract which both parties had signed. The services which the plaintiff contracted to render as buyer and manager in the shoe department of the defendant required, as the evidence shows, considerable executive ability and sound judgment in purchasing merchandise and an intimate knowledge of trade conditions. As the manager of and buyer for this department of the defendant's business, the position which the plaintiff was employed to fill was one of trust and confidence, and for the proper discharge of which peculiar abilities were requisite. The position of the plaintiff, under the contract, was not that of an ordinary employé. The contract recognized the peculiar and personal character of the services to be rendered, and the plaintiff specifically agreed to perform them in such a manner as to give satisfaction to the defendant. This, it is evident from the proof, he failed to do.

The services which the contract required of the plaintiff were not of such a character or nature as the court had in mind in declaring the rule laid down in the cases of Duplex Safety Boiler Co. v. Garden, 101 N. Y. 387, 4 N. E. 749, 54 Am. Rep. 709, and Doll v. Noble, 116 N. Y. 230, 22 N. E. 406, 5 L. R. A. 554, 15 Am. St. Rep. 398. The present case is within the rule declared in Crawford v. Mail & Express Pub. Co., 163 N. Y. 404, 57 N. E. 616, and the rule mentioned in that case should be applied here.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

---

VETTER et al. v. WELZ & ZERWECK.

(Supreme Court, Appellate Division, Second Department. February 17, 1911.)

1. GUARANTY (§ 77*)—RIGHT OF ACTION BY CREDITOR.

In the absence of agreement, express or implied, to the contrary, the creditor may, on default of the debtor, sue the guarantor, without first suing the debtor.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 87–90; Dec. Dig. § 77.*]

2. GUARANTY (§ 77*)—ACTION—NECESSITY OF PROCEEDING AGAINST PRINCIPAL.

There is no room for implication in the agreement of defendants, providing that they will pay plaintiff, on demand, not exceeding $500, reciting that this guaranty is given to plaintiff for purpose of having fixtures advanced to B., and that they agree with plaintiff that, if B. will not pay for the fixtures, they will reimburse plaintiff for an amount not exceeding $500, for which they have indorsed a demand note of B. for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

$500, that the guaranty is not for payment, but for collection, so as to prevent action thereon, without a prior action against B.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 87–90; Dec. Dig. § 77.*]

Hirschberg and Rich, JJ., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Andrew Vetter and another against Welz & Zerweck, a corporation. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, BURR, CARR, WOODWARD, and RICH, JJ.

Harry E. Lewis (Charles M. Davenport, on the brief), for appellant. Charles H. Levy, for respondents.

CARR, J.   Plaintiffs obtained judgment against the defendant for rent of certain premises in the Borough of Brooklyn, in an action in the Municipal Court. From this judgment the defendant appeals.

The pleadings were oral.  The defendant denied the allegations of the complaint of the plaintiffs, and set up a counterclaim, based upon a contract of guaranty made by the plaintiffs in favor of defendant.  The trial court dismissed the counterclaim, and awarded judgment for the plaintiffs on their cause of action.  The guaranty forming the basis of the counterclaim was in form as follows:

"Borough of Brooklyn, N. Y., June 24, 1909.

"For and in consideration of the sum of one dollar ($1.00) and other valuable consideration to us in hand paid, we do hereby agree to pay to Welz & Zerweck, a corporation duly organized under the laws of the state of New York, on demand, the sum not exceeding five hundred ($500) dollars.  This guarantee is given to the said Welz & Zerweck, a corporation, for the purpose of advancing fixtures to the said Henry Brodman to open the place known as and by the number ninety-five (95) Morgan avenue, corner Engram street, borough of Brooklyn, city and state of New York, to put in fixtures, to Henry Brodman.  And we agree to and with Welz & Zerweck, a corporation, that if the said Henry Brodman will not pay for the fixtures, purchased from the said Welz & Zerweck, a corporation, that we will reimburse the said Welz & Zerweck, a corporation, for any amount not exceeding the sum of five hundred ($500) dollars, and for which we have this day indorsed a certain promissory note on demand made by Henry Brodman for the sum of five hundred ($500) dollars.          Andten Vetter.

"Louisa K. Vetter."

The defendant gave proof of a default upon the part of the principal debtor, and a demand upon the guarantors to make payment under their agreement.  The trial court held that the guaranty was not absolute, but conditional, and could not be enforced until the creditor had exhausted its legal remedies against the principal debtor.

The general rule as to the rights of the creditor, under a contract of guaranty, is stated by De Colyar in his treatise on the Law of Guaranties (3d Ed., p. 212) as follows:

"Once the principal has actually committed a default, for which the surety is responsible, as a general rule a cause of action immediately arises against the surety.  And, consequently, as a general rule, and in the absence of any

express or implied stipulation to the contrary, the creditor need not, before suing the surety, sue the principal debtor, even though such principal debtor be quite solvent."

This is also the rule declared by Chancellor Kent in Hayes v. Ward, 4 Johns. Ch. 123, 8 Am. Dec. 554, in which case the opinion contains an instructive and most valuable review of the doctrine of guaranty as it exists at common law and as compared with the rule which existed in the Roman law. It seems that this general rule of the common law is the same as that which existed in Roman law before the Novels of Justinian, which changed the early rule, and obliged the creditor to first resort to legal proceedings against the principal debtor before calling on the surety. In many states of this country the rule of Justinian has been adopted by statute, and in others applied by the courts, but not so in this state nor in England. The matter is one of agreement, express or implied from the circumstances, and the general rule controls, except where the agreement is to the contrary.

The respondents here contend that the guaranty agreement, above set forth, is on its face conditional, and that the condition is that the creditor shall first exhaust its legal remedies against the principal debtor. In support of this contention, they cite the following authorities: Craig v. Parkis, 40 N. Y. 181, 100 Am. Dec. 469; Thomas v. Risley, 23 Misc. Rep. 109, 50 N. Y. Supp. 711; McMurray v. Noyes, 72 N. Y. 524, 28 Am. Rep. 180; Salt Springs Nat. Bank v. Sloan, 135 N. Y. 371, 32 N. E. 231. These authorities, when examined, will be found to relate to contracts of guaranty which contained express conditions of liability of such a nature as to constitute the guaranty in question not one of payment, but of collection.

In Craig v. Parkis, ut supra, the guaranty was in a paper assigning a bond and mortgage, and was in form as follows:

"And [I] hereby guarantee the collection of the within amount, as it becomes due."

It was there held that the expressed form of the guaranty was not of payment, but of collection, and required the creditor to first proceed with diligence against the principal debtor before calling on the surety.

In Thomas v. Risley, ut supra, the guaranty bound its maker to pay the rent accruing upon a lease, under which one Bredin was a tenant; but it expressly limited the right of the creditor to call upon the surety until "after all means have been exhausted against said Bredin."

In McMurray v. Noyes, ut supra, the guaranty was in an assignment of a bond and mortgage, and bound its maker, in express terms, in case of a foreclosure of the mortgage, to pay the amount of any deficiency accruing on the sale. It was there held that the surety could not be called upon to pay until the creditor had proceeded with diligence to foreclose the mortgage.

In Salt Springs Nat. Bank·v. Sloan, ut supra, the guaranty in express terms bound the guarantors to pay a balance due the creditor at a fixed time, which "after due diligence (the creditor) shall fail to collect within the time above limited." As the court said, "the language of the agreement was peculiar," and it was held that the surety could not be called upon until due diligence had been used to collect from the principal debtor.

The doctrine of these cases has no application to the form of guaranty in the case at bar. Here there is no express condition that the guaranty is of collection and not of payment. The guarantors bound themselves to pay if the principal debtor "will not pay." It is true that they say that if the principal debtor "will not pay for the fixtures purchased from the said Welz & Zerweck, a corporation, that we will reimburse the said Welz & Zerweck, a corporation, for any amount not exceeding the sum of $500"; but this language means simply that, if the principal debtor "will not pay," they will pay any amount due up to the sum of $500. As a part of this guaranty agreement, they refer to the fact that they have at the same time indorsed as sureties to the creditor a demand note to the principal debtor for the amount of the guaranty.

There is no room for an implication in this agreement that it was not for payment, but for collection.

The judgment of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event.

BURR and WOODWARD, JJ., concur. HIRSCHBERG and RICH, JJ., dissent.