In the Matter of the Judicial Settlement of the Account of MAUDE E. SIMMONS, as Executrix, etc., of WILLIAM H. SIMMONS, Deceased. THE W. T. RAWLEIGH COMPANY, Appellant; MAUDE E. SIMMONS, as Executrix, etc., and Others, Respondents.

Fourth Department, May 6, 1925.

Executors and administrators — claim against estate — claim is based on guaranty by testator of payment in full of balance due claimant from third person and of indebtedness incurred by said third person in consideration of extension of credit to him — guaranty was procured solely by third person — surrogate filed decree but made no findings of fact or conclusions of law — practice of surrogate was proper under Surrogate's Court Act, § 71 — appeal brings up whole record — power of Appellate Division under Surrogate's Court Act, § 309, stated — guarantor is primarily liable on guaranty of payment — plaintiff had right to apply payments to past due indebtedness — contract shows existence of past indebtedness — no proof of concealment or fraudulent inducement — estate of guarantor liable.

In proceedings before the surrogate to recover a claim against the estate based on a written guaranty by the testator of payment in full of the balance due to the claimant from a third person and all indebtedness incurred by said third person on certain purchasing contracts, which guaranty was made in consideration of the extension of credit, it was not error for the surrogate to simply execute and file a decree without making findings of fact or conclusions of law, for, under section 71 of the Surrogate's Court Act, this procedure is appropriate and no exceptions need be filed.

An appeal from the decree brings up the entire record and the Appellate Division may, under section 309 of the Surrogate's Court Act, affirm, reverse or modify the decree of the surrogate or take additional testimony and make new findings; if exceptions are necessary, the Appellate Division may grant them.

The guaranty being one of payment the guarantor was primarily liable thereon.

Under the terms of the guaranty the plaintiff had the right to apply payments made by the debtor to past due indebtedness.

The contract of guaranty itself, which was procured solely by the third person

and without any interference on the part of the plaintiff, shows the existence of past due indebtedness on the part of the third person, and there is no evidence to show concealment or fraudulent inducement on the part of the plaintiff. The estate of the guarantor is liable.

APPEAL by The W. T. Rawleigh Company from so much of a decree of the Surrogate's Court of the county of Steuben, entered in the office of said Surrogate's Court on the 28th day of April, 1924, as disallows the claim of said appellant as a creditor of the estate of William H. Simmons, deceased.

*Carter R. Kingsley* [*Fred A. Robbins* and *Edwards P. Ward* of counsel], for the appellant.

*James McCall*, for the respondent Maude S. Simmons, as executrix, etc., of William H. Simmons, deceased.

*James S. Drake, Jr.*, for the respondents Charles H. Moore and others.

*Clarence Willis*, for the respondent John L. Stocum.

TAYLOR, J.:

The appellant W. T. Rawleigh Company, at all the times involved herein, was a manufacturing corporation with its principal office at Freeport, Ill., and was engaged in selling its product to retail dealers in that and other States. One of such dealers was Curtis Chrisjohn, residing in Bath, N. Y. In the month of January, 1922, he entered into a purchasing contract with said company to buy and pay for such manufactured products of said company as should be ordered and sold by him. This contract was a renewal of previous similar contracts between the same parties, and was accepted by the company in February, 1922.

The appellant's claim here is based upon a guaranty of the said 1922 contract, which was executed by William H. Simmons, defendant's testator. Under the terms of this guaranty Simmons and one Look, in consideration of the extension of further credit by the appellant to said Chrisjohn, severally and jointly guaranteed " unconditionally, the payment in full of the balance due or owing " the appellant by said Chrisjohn " and all indebtedness incurred by the buyer [Chrisjohn] under the terms of the above and foregoing instrument." To each of the several preceding and similar purchasing contracts between the parties had been appended a similar agreement executed by persons residing near Chrisjohn, guaranteeing his full performance of said contracts.

At the time of the execution of the 1922 guaranty contract, Chrisjohn was indebted to the appellant corporation for a balance

due of about $1,500. At the same time Chrisjohn owned customers' accounts payable amounting to about $400, and other personal property of the aggregate value of some $1,300.

Prior to the execution of this 1922 guaranty contract, the appellant corporation might have closed out Chrisjohn and realized a part of the balance then due to it. However, it determined to give Chrisjohn, who had no other business, a further opportunity to work out of his financial difficulty, provided he was able to procure guarantors of sufficient responsibility. This condition Chrisjohn met, and in reliance upon and induced by the guaranty executed by Simmons and his cosurety, the appellant forebore its right to terminate its business relations with the retailer and to endeavor to recover the balance due.

Chrisjohn himself arranged with Mr. Simmons and Mr. Look to execute the guaranty contract. The Rawleigh Company had no part in procuring such execution, and was not asked for any information or advice on the subject by any of the parties. Simmons signed the contract without making any inquiry of Chrisjohn as to the amount of his past indebtedness, the payment of which he was guaranteeing.

Chrisjohn continued the business, purchasing and receiving goods and making payments to apply on his indebtedness from time to time, until October 20, 1922, when the corporation notified him, in accordance with its privilege under the contract, that the contract was terminated, and that payment of the balance due must be promptly made. Meanwhile, the guarantor, William H. Simmons, had died in May, 1922.

It was stipulated at the hearing before the surrogate that the balance due the appellant from Chrisjohn, at the time of the death of defendant's testator, was $1,453.63. From this amount appellant offers to deduct $50, which may be regarded as a counterclaim in favor of respondent.

The appellant filed a claim against the estate of the guarantor, Simmons, in December, 1922, which was rejected by the executrix. The issues thus raised were subsequently brought to trial upon the judicial settlement of the account of the executrix before the surrogate of Steuben county, and resulted in the decree now appealed from, dismissing the claim, with costs.

The surrogate made no findings of fact nor conclusions of law, but simply executed and filed a decree. Under section 71 of the Surrogate's Court Act this procedure is appropriate and no exceptions need be filed. An appeal from the decree enables a dissatisfied party to bring up the whole record for a full review (*Matter of Appell, No. 1*, 199 App. Div. 574), and this court has

authority to affirm, reverse, modify, take additional testimony and make new findings. (Surrogate's Court Act, § 309.)

If exceptions were necessary, the Appellate Division could grant them. (*People* v. *Journal Co.*, 213 N. Y. 1; *Termini* v. *Huth*, 191 App. Div. 218.)

This is a " guaranty of payment." Therefore, the guarantor may be proceeded against primarily. (*Vetter* v. *Welz & Zerweck*, 143 App. Div. 121.)

Under the terms of the contract involved, the principal had the right to apply payments made after the execution of the guaranty contract upon the old indebtedness. (*Fulton Grain & Milling Co.* v. *Anglim*, 44 App. Div. 488.)

Respondent cites and relies upon the cases of *Lee* v. *Jones* (17 C. B. [N. S.] 482; 144 Eng. Rep. Reprint, 194) and *Phillips* v. *U. S. Fidelity & Guaranty Co.* (200 App. Div. 208). In the former case the agreement did not at all notify the guarantor that there was a balance due or owing the seller. In the latter case the obligee of the bond had excellent reason to know that the North Pennsylvania Bank, to cover whose responsibility the bond was given, was insolvent, and of this the obligor in the bond had no intimation. In the instant case the guaranty contract itself indicated that Chrisjohn was indebted to the appellant at the time that Simmons signed. The sureties were fully put on notice, and neither of them can be heard to claim concealment or fraudulent inducement. For the appellant not only did not in any manner, directly or indirectly, urge, ask or induce Simmons to sign as guarantor, but it did not even know who the guarantors were to be. The guarantors relied entirely upon Chrisjohn and signed the solemn instrument of guaranty to enable their principal to go on doing business.

The portion of the decree appealed from should be reversed and a new decree made awarding to the claimant, appellant, $1,403.63, with interest from October 20, 1922 (the date when the contract was terminated by written notice), with costs to the appellant.

HUBBS, P. J., CLARK, DAVIS and CROUCH, JJ., concur.

Decree, so far as appealed from, reversed, on the law and facts, with costs to appellant, and matter remitted to the Surrogate's Court with directions to enter a decree allowing the claim of appellant in the sum of $1,403.63, with interest from October 20, 1922, with costs in Surrogate's Court in the discretion of the surrogate. This court hereby finds that the claim of the W. T. Rawleigh Company, creditor herein, based on the written guaranty of William H. Simmons, deceased, is a valid and subsisting claim against the estate of said deceased and is hereby allowed in the amount of $1,403.63, with interest from October 20, 1922.