Howabd T. Hogan, J.
Plaintiff, pursuant to rule 113 of the Buies of Civil Practice, seeks an order striking out the defendants’ answers and directing the entry of summary judgment.
The second cause of action is based upon a promissory note for $350,000 made by the defendant, Kingsvale Builders, Inc., and indorsed by the codefendants Peter B. Torti and Gerald Krupka. The first cause of action is against the defendant Phoenix Insurance Company, based upon its bond guaranteeing payment of the note.
The defendant Krupka has defaulted in pleading. The defendants Kingsvale Builders, Inc., and Torti, while they have served answers containing general denials, have defaulted on this motion.
Hence, insofar as these defendants are concerned, summary judgment will be granted against them.
This leaves for consideration the defendant, Phoenix Insurance Company which contends firstly, that the plaintiff, under the terms of the bond, was first obliged to pursue its remedies both legal and equitable against the codefendants to endeavor to effect collection as a condition precedent to any liability on the part of the defendant insurance company. Secondly, it contends that should the defendants Kingsvale Builders, Inc., and Torti be successful in sustaining their defense, then they (the insurance company) would not be liable. Thirdly, since they have interposed a cross complaint against the codefendants *147 and several others based upon agreements of indemnity, summary judgment must be denied.
Considering these contentions seriatim a reading of the bond shows clearly that it is a guarantee of payment which became enforcible against the insurance company when the codefendants defaulted on the due date (May 13,1958). It reads in part: ‘1 KNOW ALL MEN BY THESE PRESENTS: That We, KINGSVALE builders, ino., * * * as Principal, and the phoenix insurance company, * * * as Surety are held and firmly bound unto the franklin national bank of franklin square, Nassau county, new york, hereinafter called the Obligee in the sum of THREE HUNDRED AND FIFTY THOUSAND DOLLARS, ($350,000.00), lawful money of the United States, for the payment of tvhich sum to the Obligee, the Principal and Surety bind themselves, * * * jointly and severally, firmly by these presents.” (Italics ours.)
This language is an obligation absolute. The language is unambiguous and the insurance company is bound with the codefendants severally as well as jointly (General Phoenix Corp. v. Cabot, 300 N. Y. 87). Its obligation is identical with that of the codefendants. Moreover, there is no condition prerequisite whereby the plaintiff must pursue all its remedies first against the codefendants before seeking relief against the company. The defendant refers to the last paragraph of the bond but this paragraph merely reveals that the bond will remain ‘1 in full force and effect ” if the principal does not meet the obligations. Here the codefendants obviously did not. The bond is not to be construed as a conditional obligation (Sweeney v. Metropolitan Sur. Co., 129 App. Div. 22). Absent an agreement express or implied to the contrary, a creditor may sue a guarantor on default of the debtor without first suing the debtor (Vetter v. Welz & Zerweck, 143 App. Div. 121).
As to the defendant’s second argument, the opposing affidavits raise no issues of fact. The evidence is clear the loan was made on May 13, 1957 and when the note was presented for payment on its due date, a year later, it was dishonored and the entire debt is unpaid. These facts are undisputed. There is nothing to be tried. The third contention likewise must fall. Plaintiff was not a party to any private indemnity agreements between the insurance company and others. There is no claim it had any knowledge or notice thereof. Hence, these have no bearing upon plaintiff’s right to enforce the insurance com-any’s guarantee of payment, the nonpayment of which is unquestioned. Whatever may be the insurance company’s claims against the codefendants and/or others under their *148 indemnity agreements or under their promises to execute such in no wise are a concern of this plaintiff. The issues as between them are wholly unrelated to this plaintiff and would only tend to confuse. Controversies with defendants presently in the action or with impleaded defendants may not be pleaded if they will delay the judgment for the plaintiff (Civ. Prac. Act, § 193-a, subd. 4; § 264).
Accordingly, plaintiff’s motion to strike the answers of these defendants and for summary judgment is granted.
Submit order.