the statute under consideration. This statement perhaps should be qualified by reference to the cases of the People ex rel. Smith v. Fire Commissioners, 103 N. Y. 370, 8 N. E. 730, and the People ex rel. Peck v. Fire Commissioners, 106 N. Y. 67, 12 N. E. 641, which arose under section 14 of title 13 of the charter of the city of Brooklyn, where the power was conferred upon the commissioners to remove members of the fire department "on conviction" of certain offenses therein specified. It was there held thàt the words "on conviction" implied and required a trial and determination of guilt. It is strongly contended by the relator that the provisions of this statute authorizing the removal of the relator when he shall be "proven guilty" of willful neglect impliedly require a trial. While recognizing that the contention is not without force, the requirement that he should be proven guilty "to the satisfaction of the commissioner," and the omission of the provision for notice and trial, which is specifically made as a condition precedent to the removal of other officers under other provisions of the same act, we think negatives any such inference which otherwise might be drawn from the language used.

Upon the question of fact, we cannot say that the conclusion of the respondent was unwarranted. While upon certain charges we might have doubt as to whether the facts indicated willful negligence on the part of the relator, from the record as a whole we find abundant support for a finding of such willful disregard of his duties as school commissioner as to seriously embarrass the administration of the education department, and to become intolerable to a superior depending upon his co-operation. We conclude, therefore, that the determination should be affirmed, with $50 costs and disbursements.

Determination of commissioner confirmed, with $50 costs and disbursements.

SEWELL, J., concurs. COCHRANE, J., concurs in result. KELLOGG and HOUGHTON, JJ., dissent.

---

(142 App. Div. 454.)

### In re KELLER et al.

(Supreme Court, Appellate Division, First Department. January 20, 1911.)

1. TRUSTS (§ 167*)—MATTERS SUBJECT TO REFERENCE—PROCEEDINGS FOR REMOVAL OF TESTAMENTARY TRUSTEE.

A testator by his will ratified articles of copartnership, providing for the valuation and settlement of his partnership interest, and appointed his partner, together with his widow and a brother-in-law, trustees under the will. After testator's death, a controversy arose between the surviving partner and the other trustees as to the valuation and inventory of the partnership interest, and an action for an accounting was begun in which the merits of the controversy were adjudicated. *Held,* that an order of reference in the proceeding for the removal of the surviving partner as testamentary trustee in which same questions were raised, would involve a useless expense to the parties, and should be reversed.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 219, 220; Dec. Dig. § 167.*]

2. TRUSTS (§ 166*)—EXECUTOR AS TRUSTEE—REMOVAL—GROUNDS—"UNSUITA-
BLE PERSON TO EXECUTE THE TRUST."

Under Real Property Law (Consol. Laws, c. 50) § 112, empowering the
Supreme Court to remove a trustee who, for any cause, shall be deemed
to be an "unsuitable person to execute the trust," a trustee who asserts
interests in hostility to his trust becomes an unsuitable person, and
where a testator's surviving partner is named as testamentary trustee
and a substantial controversy as to an accounting, and the inventory of
partnership interests furnished by the surviving partner arises between
him and the other testamentary trustees, in which the surviving part-
ner's interests conflict with his duties as trustee, the court is justified
in removing him as trustee.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 217, 218; Dec.
Dig. § 166.*]

Appeal from Special Term, New York County.

Special proceedings by Clotilde R. Keller and another for the re-
moval of Hugo P. Keller as testamentary trustee under the will of
Adolph Keller, deceased. From an order of Special Term referring
the proceedings to a referee to take proof and report with his opinion,
the petitioners appeal. Order reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE,
SCOTT, and MILLER, JJ.

Alfred B. Cruikshank, for appellants.

Lewis H. Freedman, for respondent.

MILLER, J. Adolph Keller died on the 18th of May, 1904, leav-
ing a last will and testament in and by which he appointed the re-
spondent and his widow and brother-in-law, the petitioners and ap-
pellants, executors and trustees of his will. His estate consisted of
his interest in the firm of L. H. Keller & Co., composed of himself
and the respondent. The copartnership was formed March 14, 1895.
On the 14th day of April, 1904, new articles were executed. They
provided that, upon the death of either member, an inventory should
be taken by the survivor within three months; that the property,
save cash, book accounts, bills payable, promissory notes, stock in cer-
tain corporations and jewels and supplies, carried under a stated ac-
count, should be valued at 60 per cent. of the cost price; that the
said jewels and supplies should be valued at 85 per cent. of the cost
price; that the stock of the Keller Jewelry Manufacturing Company,
which was owned by the copartnership, save cash in hand and in
bank, should be valued at 75 per cent. of the cost; that the capital
stock of certain corporations, owned by the firm, should be valued
at 75 per cent. of the par value, and that the good will of the firm
should be valued at $4,000, but that no value whatever should be
allowed for the good will of the Keller Jewelry Manufacturing Com-
pany; that the interest of the deceased partner, thus ascertained,
should be paid to his representatives in the following manner, viz.:
2½ per cent. thereof annually for the period of four years, and
thereafter semiannually at the same rate, until the entire amount
should be paid, interest to be allowed at the rate of 4 per cent. The
testator's will, made on the same day, ratified and confirmed said

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

articles of copartnership. The capital account of the testator was carried on the copartnership books at the time of his death at $78,-267.48. The inventory furnished the executors by the respondent within three months after the testator's death showed the value of that interest to be $38,554.85. The petitioners and appellants have brought a suit against the respondent as surviving partner for an accounting. They attack the inventory, and assert that the respondent procured the testator to execute the said copartnership articles when the latter was feeble in body and mind. It does not distinctly appear whether fraud and undue influence are specifically averred. It is quite significant that the main purpose of the new articles of copartnership apparently was to provide for dissolution upon the death of one of the partners. The plaintiffs in that action sought an inspection of the books and papers of the copartnership, and an order granting an inspection was recently affirmed by us against the opposition of this respondent. 133 App. Div. 910, 123 N. Y. Supp. 1123.

The learned justice at Special Term thought that, in view of the gravity of the charges made against the respondent, the matter ought to be referred to a referee. While undoubtedly the Special Term had the power to order a reference, we think that power was improvidently exercised. The questions referred to the referee are involved, and will be adjudicated in the action for an accounting. A reference in this proceeding will have little effect but to subject the parties to useless expense.

It plainly appears that there is a substantial controversy between the parties, and that as a result thereof the respondent occupies two inconsistent positions, one as trustee and the other as surviving partner, and that his private interests as surviving partner conflict with his duties as trustee. He ought to be the first to apply for relief from the embarrassment of such a situation. The Supreme Court has power in an action brought, or on a petition presented, to remove a trustee "who for any * * * cause shall be deemed to be an unsuitable person to execute the trust." Real Property Law (Consol. Laws, c. 50) § 112. When a trustee acquires or asserts interests in hostility to his trust, he becomes an unsuitable person to execute the trust. Pyle v. Pyle, 137 App. Div. 568, 122 N. Y. Supp. 256. No such situation as here exists was involved in Matter of Thieriot, 117 App. Div. 686, 102 N. Y. Supp. 952. Of course, the respondent as surviving partner is entitled to liquidate the copartnership. The petitioners merely ask that he be relieved of the embarrassment of continuing as trustee of his deceased partner in view of the fact that a substantial controversy has arisen in which his private interests conflict with his trust duties.

We do not undertake in any way to pass upon the merits of the controversy, but only decide that it is of such a nature as justifies the court in relieving the respondent of the burden of continuing as trustee.

The order should be reversed, with $10 costs and disbursements, and the petition granted. All concur.