In the Matter of the Application for a Compulsory Accounting in the Estate of JACOB APPELL, Deceased, AMANDA APPELL, Executrix, and ALBERT J. APPELL, Executor, and for an Order Directing the Payment of a Distributive Share.

In the Matter of the Judicial Settlement of the Account of Proceedings of AMANDA APPELL, as Executrix, etc., of JACOB APPELL, Deceased.

AMANDA APPELL EVANS (Formerly AMANDA APPELL), Individually and as Executrix, etc., of JACOB APPELL, Deceased, and ROBERT W. APPELL, Appellants; ALBERT J. APPELL, Individually and as Executor, etc., of JACOB APPELL, Deceased, and Others, Respondents.   (No. 2.)

First Department, January 13, 1922.

Executors and administrators — accounting — coexecutors are an entity and property in custody of one is deemed held for all and decree should provide for performance by all — taxation — taxes which are not lien on decedent's realty at his death should be paid out of income of estate — Greater New York charter, § 892, fixing taxable status of property assessable on certain date not applicable — expenditure benefiting only part of heirs not chargeable against estate — disbursements for legal services allowed on accounting to extent of value found by surrogate notwithstanding referee held to contrary — mortgages — mortgages of decedent properly paid out of principal of estate.

Coexecutors constitute an entity and are regarded in law as an individual person. They all have a joint and entire authority over the entire

property, and if the property is in the custody of one, he is deemed to hold it, not for himself, but for all. Accordingly, where, pending an application to resign, and proceeding for his removal, one coexecutor allowed the other full control of the estate and they properly made separate accounts of their individual receipts and disbursements of the estate funds, nevertheless, the said executor not having been allowed to resign and not having been removed, the decree on the accounting looking to future administration of the estate should provide for performance by both.

Taxes on a decedent's real estate which were not due and payable at the time of his death and hence had not at that time become a lien on the property, were not a debt of the decedent to be paid out of the principal of his estate, but were properly a charge against the income of the year in which they were payable.

The provision of section 892 of the Greater New York charter that "The taxable status of all persons and property assessable for taxation in the city of New York shall be fixed for each year on the day of October in the preceding year provided by law for the opening of the books," so far as it relates to real property, means that the condition of the property as to improvement shall be fixed for the purpose of determining its assessed valuation, and nothing more.

Without the consent of all the heirs, an expenditure to build a mausoleum for the burial of the testator and only a part of his family was not a proper charge against the estate.

A finding of the surrogate that legal services of the value of $3,000 had been proved to have been rendered the estate, and allowing the executrix credit for that amount should not be disturbed, where it appears that she actually paid her counsel $6,000, although the referee surcharged the account with the entire $6,000.

Payments on account of mortgages of the decedent were properly made out of the principal of his estate.

APPEAL by Amanda Appell Evans, individually and as executrix and another, from certain portions of a decree of the Surrogate's Court of the county of New York, entered in the office of the clerk of said Surrogate's Court on the 7th day of August, 1920, judicially settling the accounts of Albert J. Appell and Amanda Appell Evans, as executors under the will of Jacob Appell, deceased.

*Gustav Lange, Jr.,* for the appellants.

*Albert J. Appell,* attorney in person [*Francis M. Scott* of counsel; *Charles A. Flammer* with him on the brief], for the respondent Albert J. Appell.

*Blauvelt & Warren* [*George A. Blauvelt* of counsel; *Joseph A. Warren* with him on the brief], for the respondents Anna T. and Matilda Appell.

PAGE, J.:

This proceeding is the consolidation of the various accounting proceedings, the genesis of which is given in the opinion in the proceeding to remove Albert J. Appell as executor and trustee, decided herewith. (*Matter of Appell,* 199 App. Div. 574.)

The decree separately states the account of Amanda Appell Evans as executrix, and of Albert J. Appell as executor; the latter accounting for so much of the income of the estate as he personally received and disbursed, and the former being charged with the principal of the estate and with the income which she personally received, and credited with the disbursements which she has made. Where payments were made out of income which the surrogate held should have been made out of principal, the decree directs her to pay them back from principal to income. Such a separation of the account was justified by the fact that Albert, pending the proceedings to remove him, and his application to be allowed to resign as executor, had consented that Amanda should alone administer the estate. He, not having been removed or allowed to resign, is one of the executors and charged with the execution of the will. Coexecutors constitute an entity and are regarded in law as an individual person. They all have a joint and entire authority over the entire property, and if the property is in the custody of one, he is deemed to hold it not for himself but for all. (*Barry* v. *Lambert,* 98 N. Y. 300, 308.) Hence the direction in the decree looking to the future administration of the estate or executorial acts to be done, should provide for performance by both.

The only questions raised on the appeal which require serious consideration are: I. The taxes on the decedent's real estate for the year 1916, amounting to $15,279.60, were paid by Amanda Appell Evans from the income derived from the real estate. The surrogate has held that they should have been paid from principal, and has directed that the income shall be reimbursed from the principal of the estate.

Jacob Appell died on December 26, 1915. The taxes for

the year 1916 were payable, one-half May 1, 1916, and one-half November 1, 1916, and were paid May 31, 1916, and October 25, 1916.   The surrogate has held that these taxes were assessed and levied in 1915 and were fixed and became fianl as to amounts in October, 1915, and prior to the decedent's death.   It was held by this court in *Matter of Freund* (143 App. Div. 335; affd., on opinion below, 202 N. Y. 556) that no debt existed until the taxes were fixed in amount and so perfected as to become a lien upon the property.   The respondents claim that this rule has been changed by the subsequent enactment of chapter 455 of the Laws of 1911, amending section 892 of the Greater New York charter to read:   " The taxable status of all persons and property assessable for taxation in the city of New York shall be fixed for each year on the day of October in the preceding year provided by law for the opening of the books of annual record of the assessed valuation of real and personal estate of that year."   Counsel for one of the respondents claims that this change in the law was made to obviate the decision in that case.   He predicates his argument on the fact that the date of the decision by the Court of Appeals was May 16, 1911, and the time the act became a law was June 27, 1911.   The effect of this proximity of dates is very much weakened when we find that chapter 455 amended eighteen sections of the Greater New York charter, changing the time and method of assessment, levy and payment of taxes, and that the amendment to section 892 was incidental to the change in the entire scheme.

In my opinion, so far as section 892 relates to real property, it means that the condition of the property as to improvements shall be fixed for the purpose of determining its assessed valuation, and nothing more.   " The assessment of valuations for purposes of taxation and the assessment of taxes constitute two different things.   The first does not create an indebtedness, while the latter does."   (*Matter of Freund, supra.*)   Until the taxes are levied and payable they do not become debts; they then become liens on the real estate. Section 914 of the Greater New York charter (as amd. by Laws of 1911, chap. 455, and Laws of 1916, chap. 17, effective March 2, 1916 — the latter amendments are italicised) pro-

vides: "All taxes shall be and become liens on the real estate affected thereby *and shall be construed as and deemed to be charges thereon* on the respective days when they become due and payable as hereinbefore provided *and not earlier* and shall remain such liens until paid."

As the taxes did not become a debt until they became due and payable, they did not constitute a debt of the testator which should be paid out of capital, but were a charge against the income of the year in which they were payable. There can be no question, if the question arose between life tenant and remainderman, that such would be the decision. While this question arises on an intermediate accounting of an executrix, it is in effect the same question and to be determined by the same considerations. The decree in this respect is erroneous.

II. The testator owned a lot in Woodlawn Cemetery. Amanda Appell Evans purchased another lot, and in conjunction with the widow and her children erected an elaborate mausoleum at an expense of $11,621.28. The mausoleum appears to have been arranged for the burial of the testator and his second family, to the exclusion of the children of the first wife. Without the consent of all the heirs the estate could not be charged with this expenditure. The widow and the two sisters agree that this is not a proper charge against the estate, and it was properly disallowed by the surrogate.

III. The executrix paid her counsel $6,000 for services rendered. The referee surcharged the account with the entire amount because there was no proof of the value of the services, and only very general proof of what services were rendered. The surrogate held that the referee was technically correct, but allowed $3,000 as he was of opinion that services to that value were proved. This finding should not be disturbed.

IV. The payments that were made on account of mortgages out of income were correctly ordered to be paid out of principal. This matter has been discussed in the opinion in the removal proceedings, decided herewith, and needs no further elaboration.

We have examined the other objections made by counsel, but find no merit in them.

The decree will be modified in accordance with this opinion.

Settle order on notice, at which time the allowance of costs will be considered.

CLARKE, P. J., DOWLING, MERRELL and GREENBAUM, JJ., concur.

Decree modified in accordance with opinion. Settle order on notice at which time the allowance of costs will be considered.