ELSA M. BURROWS and Others, Plaintiffs, *v.* ALBERT G. SCHERER, Defendant.

Supreme Court, New York County, April 16, 1929.

*R. J. Mackey,* for the plaintiffs.

*Kaye, McDavitt & Scholer,* for the defendant.

COTILLO, J. The action is brought by the daughter and widow of Oscar Scherer, deceased, two of the executors of the last will and testament of Oscar Scherer, and also two of the trustees to execute the trusts set up by his will, to remove the defendant, who is also an executor and trustee. The plaintiffs are also beneficiaries under the will and the trust. Litigations concerning the will and trust have been before this court in a different form of action and also before the surrogate of New York county. The action brought in New York county was a stockholder's action. The proceeding in the Surrogate's Court is practically the same as the one at bar and was brought under section 99 of the Surrogate's Court Act, but it asserts, among other grounds, one over which the surrogate has no jurisdiction. Section 99 of the Surrogate's Court Act does not give that court the power to remove a trustee

on the asserted ground that he is unable to agree with his fellow trustees as to the administering of the fund or estate. (*Matter of Appell, No. 1,* 199 App. Div. 574.) The complaint in this action specifically asks the removal of the defendant on the ground that " the defendant refuses to act in harmony with the other trustees and his continuance as trustee continually creates sharp discord among the representatives of the estate. * * * That no purpose can be served by permitting the defendant to remain as a trustee under said will except to continue to create discord and ill feeling and expense to the estate." Plaintiffs were refused permission to litigate this phase before the referee appointed by the surrogate.

The Supreme Court under the plenary powers granted by the Constitution and under sections 112 and 182 of the Real Property Law has jurisdiction of the subject of this action. (*Quackenboss* v. *Southwick,* 41 N. Y. 117; *Matter of Keller,* 142 App. Div. 454; *Pyle* v. *Pyle,* 137 id. 568; affd., 199 N. Y. 538.) Whether it has the power to pass upon those grounds which are now under advisement by the surrogate need not be considered now. It is sufficient that it has power to consider the ground for removal, which the Surrogate's Court could not entertain; and it is not necessary for plaintiffs to await the determination of the Surrogate's Court on the other litigated grounds before being permitted to assert this ground before the Supreme Court. The motion is, therefore, denied.