In the Matter of the Estate of HENRY C. ECKENROTH, Deceased.

Surrogate's Court, Kings County, May 12, 1938.

*Coombs & Wilson* [*Herbert E. Cronk* of counsel], for Roy M. Hart and John C. Gillies, as executors, etc., petitioners.

*Lackman & Goldsmith* [*L. J. Paley* of counsel], for Catherine P. Eckenroth, claimant.

*Elmer J. Hoare,* for Meta Eckenroth, claimant.

*Benjamin C. Ribman* [*Robert M. Schwartz* of counsel], special guardian for Charles E. Benisch, John H. Benisch and Ann W. Hoare, infant legatees.

WINGATE, S. Two objections to the accounts of the executors have been litigated before the referee and the propriety of his determinations is now before the court for consideration. The first issue decided concerns the claim of ownership by a daughter of the testator of a certain Sohmer grand piano which has been included in the enumeration of the assets of the estate. This was a pure question of fact in respect of which conflicting testimony was adduced before the referee. He was convinced thereby that the claim of the daughter was valid and has recommended that the piano be delivered to her. There is sufficient evidence in the record, if credited, to sustain his conclusion.

In such a situation, since the referee, as the trier of the facts, had the opportunity of observing the witnesses, a reviewing authority, which did not enjoy that privilege, should be hesitant to attain a differing result. (*Matter of Arkenburgh,* 38 App. Div. 473, 478; *Jankowski* v. *Azaro,* 246 id. 557; *Matter of Reilly,* 165 Misc. 214, 217, and authorities cited.) In this respect the report of the referee will be confirmed.

The second issue is one of law, the conceded facts in respect of which are that at the date of his death, which occurred on August 6, 1934, the decedent was the owner of certain real property at 97 Warwick street, Brooklyn. Taxes against this property had

been levied and finally determined for the year 1934 in the total sum of $528.28, of which $264.14 became due and payable on April 1, 1934, and a like sum on October 1, 1934. The widow, to whom the property was devised, paid the sum which fell due upon October first, presented a claim therefor to the executors, and objects to their accounts by reason of its rejection.

The referee has sustained her objection on the language of section 212 of the Surrogate's Court Act and the supposed authority of *Matter of Babcock* (115 N. Y. 450), which was decided in 1889.

Section 212 of the Surrogate's Court Act provides that " every executor * * * must proceed with diligence to pay the *debts* of the deceased according to the following order: * * * 2. Taxes assessed on property of the deceased previous to his death." (Italics not in original.) Obviously, according to the express terms of the statute, nothing is payable which does not fall within the connotation of the word " debts " which limits all of the subsequent subdivisions of the section. Its meaning is authoritatively defined by subdivision 3 of section 314 of the Surrogate's Court Act as follows: " the word ' debts ' includes every claim and demand upon which a judgment for a sum of money, or directing the payment of money, could be recovered in an action," wherefore a " debt of the decedent " must be a claim or demand upon which a judgment for a sum of money might have been recovered against the decedent in his lifetime.

Did the particular tax here in issue comply with this description? *Matter of Babcock* (*supra*), upon which the referee relies, is not decisive of the question. All which was there decided was that the tax imposed by chapter 410 of the Laws of 1882 (New York City Consolidation Act) was such a tax. The tax presently in issue is imposed by an entirely different law containing strikingly diverse language, namely, chapter 466 of the Laws of 1901, as amended. A decision interpreting the statute in force over fifty years ago is, therefore, not only not a binding precedent but an extremely uncertain guide in the construction of one presently in force. (*People ex rel. N. Y. Rapid Transit Corp.* v. *Loughman,* 226 App. Div. 149, 152; affd., 251 N. Y. 568; *Onondaga Water Service Corp.* v. *Crown Mills, Inc.,* 132 Misc. 848, 856; *Horowitz* v. *Winter,* 129 id. 814, 816; *Matter of Cohen,* 149 id. 765, 777; *Matter of Coffin,* 152 id. 619, 622.)

The relevant section (§ 914) of the Greater New York Charter in force at the date of this testator's death (as amd. by Laws of 1934, chap. 312) contained the following language:

" All taxes upon real estate for each of the years nineteen hundred thirty-four * * * shall be due and payable in two equal

instalments, the first of which shall be due and payable on the first day of April in such year and the second of which shall be due and payable on the first day of October in such year.

" All taxes shall be and become liens on the real estate affected thereby and shall be construed as and deemed to be charges thereon on the respective days when they become due and payable as hereinbefore provided and not earlier."

The language of the statute construed in *Matter of Babcock* contained no language even remotely similar. On the other hand, the pertinent statute in force at the time of the decision in 1922 in *Matter of Appell, No. 2* (199 App. Div. 580) was this same section 914 of the Greater New York Charter, the language of which, although not identical with that hereinbefore quoted, was substantially similar and, if anything, less obvious in its intendment that no obligation whatsoever should come into being in respect of any installment of a tax until the date on which it became payable.

The question there determined (p. 584) was that " as the taxes did not become a debt until they became due and payable, they did not constitute a debt of the testator."

This determination was unanimously affirmed by the Court of Appeals, without opinion (234 N. Y. 600). Whereas, it is, of course, a familiar fact that an affirmance without opinion does not adopt the reasoning of the court below (*Matter of Clark*, 275 N. Y. 1, 4), it does amount to an approval of the result attained. (*Rogers* v. *Decker*, 131 N. Y. 490, 493; *Matter of Clark*, 275 id 1, 4; *People ex rel. Palmer* v. *Travis*, 223 id. 150, 156; *Scott & Co., Inc.*, v. *Scott*, 186 App. Div. 518, 526; *Matter of Brush*, 154 Misc. 480, 483; affd., 247 App. Div. 760; *Matter of Avchin*, 158 Misc. 388, 391; *Matter of Zaiac*, 162 id. 642, 655; *Matter of Hilliard*, 164 id. 677, 688.)

In the present connection the result is all that matters. That result was that an installment of a real estate tax under section 914 of the Greater New York Charter did not become a debt until the date it became due and payable and, therefore, was not a debt of a decedent who died prior to such date. This is and will continue to be the law of this State until the enactment of some materially diverse statute or until the release by the Court of Appeals of a dissonant pronouncement.

The argument of the referee in interpretation of the affirmance by the Court of Appeals predicated on the statement preceding the actual decision of the court in the memorandum opinion, is based upon a misconception. Such preliminary statements have no binding force or official standing and are not the products of the court itself, but are merely explanatory statements prefaced to

the actual decision by the reporter based upon his reaction to the proceedings below.

It follows that the recommendation of the learned referee in respect of the objection based on the ownership of the piano will be confirmed, but the recommendation concerning the objection of the widow to the rejection of her claim for refund by the executors of the sums paid by her for taxes which became payable subsequent to testator's death, must be disapproved and the objection dismissed.

Enter order on notice in conformity herewith.