In the Matter of the Estate of TOWNSEND PINKNEY, Deceased.

Surrogate's Court, Queens County, December 30, 1938.

*Richard Steel,* for the executor, respondent.

*McCormick & Eckel,* for the objectant.

*Charles A. Connor,* for the respondent Pinkney.

HETHERINGTON, S. Decedent died December 7, 1937, leaving a last will and testament executed on October 16, 1936. By its

terms his entire estate was left to his widow, except a parcel of realty located in the borough of Manhattan, city of New York, which he devised to his two cousins, as joint tenants. At the time of his death the second half of 1937 land tax and an installment of mortgage interest remained unpaid. Pursuant to the terms of the will, the executor collected the rents and paid the aforesaid items as well as the first half of the 1938 land tax. Objector, one of the devisees, urges that the items paid were debts of the decedent and properly payable out of the personal estate by the executor.

With respect to the 1938 taxes, the same not having been due and payable at testator's death, the executor was right in charging the amount paid to the devisees. Such taxes were not debts of the decedent. (See *Matter of Appell* [*No. 2*], 199 App. Div. 580; affd., 234 N. Y. 600; *Matter of Eckenroth*, 167 Misc. 632.)

Prior to the amendment of section 250 of the Real Property Law by chapter 75 of the Laws of 1937, in effect September 1, 1937, the second half of the 1937 taxes which became due and payable on October 1, 1937, prior to decedent's death, was regarded as a preferred debt payable by the executor out of personalty. (*Matter of Gill*, 199 N. Y. 155; Surr. Ct. Act, § 212.) However, the amended statute provides that the devisee not only takes the real property subject to existing mortgages, but " any other charge." In my opinion a tax lien upon realty is embraced within the term " charge." The effect of the statute, as amended, is to shift the payment of taxes which formerly might be regarded as debts of the decedent, to the devisee who takes the property. The word " charge " as employed in the statute would seem to embrace all incumbrances existing on the realty at decedent's death.

With respect to the interest item which was due and unpaid at decedent's death, it likewise was a charge against the realty as part of the mortgage debt and must be assumed by the devisee. In accordance with these views, the objections of Elaine S. Hollister are overruled.

In accordance with the oral directions made upon the hearing, the executor's personal claim is allowed in the sum of $710. The fees and disbursements of the attorney in the sum of $1,885.71 are allowed, and the executor is authorized to reserve the sum of $825 for possible liability under lease made by decedent.

The objections of the Chemical Bank and Trust Company, as trustee under the will of Ida Adams, deceased, are marked withdrawn, and those of Josephine C. Pinkney are marked settled pursuant to stipulation. Proceed accordingly.