In the Matter of the Estate of Lillian R. Hackert, Deceased.

Surrogate's Court, Westchester County, May 12, 1939.

*Waldo M. Coons,* for Florence Ostrander and Waldo M. Coons, executors, etc.

*William N. Brenner,* for Eleanor A. Hackert and others.

*Strang & Taylor,* for the executors, etc., of Emma L. Young.

*John M. Judge,* for Lyon & Hartnett, Inc.

Millard, S. In this accounting proceeding various questions have been raised as to the propriety of certain claims made against the estate.

Decedent died on June 25, 1938, leaving a will under the terms of which her entire estate was bequeathed and devised to her three children in equal shares. With the exception of $323.34 in cash, the estate consists of three parcels of real property. One of these parcels, which is situated at No. 48 Rockledge avenue, White Plains, was incumbered by a mortgage in the sum of $8,500, made by the testatrix to one Emma L. Young. The interest on this mortgage, by the terms thereof, became payable on the first days of June and December. At the time of decedent's death no install-ment of interest was due thereon until December 1, 1938. On March 30, 1939, the legal representatives of the deceased mortgagee filed a claim in the sum of $382.50 against this estate for interest on said mortgage from June 1, 1938, to March 1, 1939. This claim was rejected by the executors.

Immediately upon the death of decedent the devisees named in her will became the absolute owners of the real property, subject only to the limited rights of the executors to collect sufficient rents in order to pay debts and administration expenses. (Surr. Ct. Act, § 232.) Pursuant to section 250 of the Real Property Law, as amended by chapter 75 of the Laws of 1937, devisees take real

property of a decedent subject to existing mortgages as well as "any other charge." Taxes have been held to be such a "charge." (*Matter of Appell*, 199 App. Div. 580; affd., 234 N. Y. 600; *Matter of Eckenroth*, 167 Misc. 632.) Similarly, an installment of interest accruing subsequent to death on a mortgage covering property specifically devised would come within the same category. Such a charge is not a debt of decedent within the meaning of sections 212 and 314 of the Surrogate's Court Act, for which the executors are liable. The claimants, therefore, must pursue their remedy against the real property in question, title to which is now vested in the devisees. The claim filed by the executors of the estate of Emma L. Young is, therefore, disallowed and the executors' rejection thereof sustained.

It appears from the executors' account that sufficient cash is available to defray the funeral expenses. Since the rights of no other creditors are involved and all parties interested consent, the claim filed by Lyon & Hartnett, Inc., in the sum of $548 is allowed and the executors directed to make payment thereof.

The fees of the attorney for the executors for legal services rendered to this estate are fixed and allowed in the sum of $200.

Settle decree.