BURCHELL v. HELVERING, Com'r of Internal Revenue.

No. 14.

Circuit Court of Appeals, Second Circuit.

Nov. 12, 1940.

James Harte Levenson, of New York City, for petitioner.

Samuel O. Clark, Jr., J. Louis Monarch, and John A. Gage, Asst. Attys. Gen., for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

This case comes on upon a petition to review an order of the Board of Tax Appeals assessing an income tax deficiency against the petitioner, an executor, for the year 1934. The facts, which are admitted, are as follows: .The taxpayer's testator died on November 12, 1934, seised of real property in the Town of Islip, County of Suffolk, New York; and the question is when the tax on the land "accrued" under § 23(c) and § 43 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, pages 672, 679; more specifically whether it had "accrued up to the date of his death" (§ 43). The taxpayer in making up his return deducted the amount of the tax which became payable on December 1, 1934, but the Commissioner disallowed it on the ground that it did not "accrue" before it became payable. Chapter 311 of the Laws of 1920, as amended, governs the taxes of Suffolk County, of which § 5 requires the assessors to complete the assessment rolls by July first of each year, and to meet for hearing complaints on the third Tuesday of the month. They must complete, verify and file the rolls on or before September first (§ 6). The supervisor of each town must "extend" all taxes on the assessment roll on or before December first in the amount which the board of supervisors has levied (§ 11, as amended by Laws 1931, c. 187, § 1); and he must file the roll with the "extensions" on or before the same day. "Such assessment roll shall, when the warrant is annexed thereto, become the tax and assessment roll of said town" (§ 12, as amended by Laws 1931, c. 187, § 2); and when the board has annexed its warrant to collect and delivered the roll to the receiver of taxes (§ 13, as amended by Laws 1931, c. 187, § 3) the tax becomes "due and payable" (§ 13(5), as amended by Laws 1933, c. 477, § 1).

■ It was stipulated that the tax rate was fixed on October 17th, and, although it does not .appear when the supervisor "extended" the tax, we must decide the case on the assumption that this was after November 12th, the date of the testator's death, because of the burden of proof upon the taxpayer.

■■ We understand § 43 of the Revenue Act of 1934 to mean that the testator must be under a personal duty to pay the

tax at the time of his death. That is of course a federal question; but to learn whether he was under such a duty, we must turn to the law of New York. In Rundell v. Lakey, 40 N.Y. 513, the vendors of land had agreed to pay all taxes for which they were "personally liable" when the deed was delivered, which was after the assessment roll had been completed and filed, but before the tax had been extended. (It did not appear whether the rate had been fixed.) The court held that the vendors became liable when the assessments were complete, and the case is therefore directly in point for the taxpayer here. On the other hand it is settled that the tax does not become a lien on the property at least until it has been extended, and perhaps not until the warrant has issued. Barlow v. St. Nicholas Bank, 63 N.Y. 399, 20 Am.Rep. 547; Lathers v. Keogh, 109 N.Y. 583, 17 N.E. 131. In re Babcock, 115 N.Y. 450, 22 N.E. 263, concerned the liability of an executor to pay the tax, not a lien upon the property, and the court followed Rundell v. Lakey, supra, 40 N.Y. 513. So far as we can find, this remained the law until In re Appell No. 2, 199 App.Div. 580, 192 N.Y.S. 136, affirmed without opinion in 234 N.Y. 600, 138 N.E. 462. The question there was once more whether the estate of a testator was liable for taxes when he died after the assessment had become final but before the tax was levied, and this time it was held that he was not, the Appellate Division relying upon some dicta in Re Freund's Estate, 143 App.Div. 335, 128 N.Y.S. 48, affirmed on opinion below, 202 N.Y. 556, 95 N.E. 1129, a case which did not, however, involve the point, because not even the assessment had become final when the testator died. In Lewis v. Petersen, 241 N.Y. 268, 149 N.E. 853, the assessments for local improvements had been actually extended before the critical day, September second; and in People ex rel. Luther v. McDermott, 265 N.Y. 47, 191 N.E. 770, ordinary tax assessments had not yet become final. We cannot see how either decision touches the question before us, but in one Rundell v. Lakey, supra, 40 N.Y. 513, was cited, and in the other In re Babcock, supra, 115 N.Y. 450, 22 N.E. 263. Surrogate Wingate in Re Eckenroth's Estate, 167 Misc. 632, 4 N.Y.S.2d 582, held that In re Appell No. 2, 199 App.Div. 580, 192 N.Y.S. 136, affirmed 234 N.Y. 600, 138 N.E. 462, was conclusive, distinguishing it from In re Babcock, supra, 115 N.Y. 450, 22 N.E. 263, on the ground that § 914 of the Charter of Greater New York had fixed the date when taxes should be "due and payable." If that be the test, the result must be the same here because, as we have seen, § 13(5) of the law which governs Suffolk County (Ch. 477, Laws of 1933) makes taxes "due and payable" when the warrant issues. In re Pinkney's Estate, 170 Misc. 645, 12 N.Y.S.2d 69, affirmed 257 App.Div. 985, 12 N.Y.S.2d 824, also followed In re Appell No. 2, supra, 199 App.Div. 580, 192 N.Y.S. 136; 234 N.Y. 600, 138 N.E. 462.

We must confess to considerable uncertainty in the face of these decisions. It seems a rather strong position to hold that In re Appell No. 2, supra, 199 App.Div. 580, 192 N.Y.S. 136; 234 N.Y. 600, 138 N.E. 462, overruled Rundell v. Lakey, supra, 40 N.Y. 513 and In re Babcock, supra, 115 N.Y. 450, 22 N.E. 263, in view of Lewis v. Petersen, supra, 241 N.Y. 268, 149 N.E. 853, and People ex rel. Luther v. McDermott, supra, 265 N.Y. 47, 191 N.E. 770. However, as we have said, neither of these decisions even remotely involved the point, and In re Appell No. 2 did; we therefore hold that under tax laws like those of Suffolk County, no debt or duty comes into existence, at least until the tax is "extended."

Order affirmed.