### COMMISSIONER OF INTERNAL REVENUE v. LE ROY.

### No. 29.

Circuit Court of Appeals, Second Circuit.

Nov. 7, 1945.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, A. F. Prescott, and Newton K. Fox, Sp. Assts. to Atty. Gen., for petitioner.

Cadwalader, Wickersham & Taft, of New York City (Clarence Castimore, of New York City, of counsel), for respondent.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The respondent, a resident of Glen Head, Nassau County, New York, purchased undivided interests in eight parcels of real estate located in the Borough of Manhattan, City and State of New York, on September 12, 1940, and title to that property was transferred to him on the 30th day of the same month.

The real estate taxes on the property for the fiscal year ending June 30, 1941 had been assessed by the City of New York before the respondent bought it and on October 29, 1940 he paid the first half of them amounting to $3,436.03. He computed his 1940 net income for taxation on the cash basis and took a deduction of the above amount as taxes paid during that year. This deduction was disallowed by the Commissioner on the ground that the taxes "had been assessed against the property prior to his acquisition on September 30, 1930" and were part of his capital investment. The Commissioner determined a deficiency based on the inclusion in respondent's taxable income of the amount so paid but the Tax Court expunged it. The Commissioner has brought this petition to review that decision.

■ We think the Tax Court was right. Whether the purchaser who pays taxes assessed on property before its purchase may deduct them, as taxes paid, in computing the amount of his taxable income or must capitalize them as part of his investment in the property depends, so far as present issues are concerned, upon whether the former owner was personally liable for the taxes, or the property was subject to a tax lien when the purchaser took title. Magruder v. Supplee, 316 U.S. 394, 62 S.Ct. 1162, 86 L.Ed. 1555. Cf. Commissioner v. Coward, 3 Cir., 110 F.2d 725.

■ Just what is the nature of the tax liability of an owner of New York real estate is not always easily to be determined as is shown by the opinion of Judge L. Hand in McGregor v. Johnson, 2 Cir., 39 F.2d 574. We need not decide that vexed question now for it is well settled that an owner who is a non-resident of the tax district in which the property is located is never personally liable. McGregor v. Johnson, supra. As the respondent's vendor was a resident of Nassau County and this real estate was in the Borough of Manhattan he was not personally liable for the taxes when he transferred the title to the respondent. Unless there was a lien on the property for the taxes when the title passed the taxes became those of the respondent when the tax lien did attach during his ownership. Both of these conditions upon the respondent's subsequent payment of the taxes as his own are shown to have been met by the undisputed fact that the first half of the taxes previously assessed upon the property for the fiscal year involved became a lien on October 1, 1940, and not until then. The respondent, therefore, discharged a lien which had become effective upon his own property after he took title to it and the payment he made when so doing was a payment of his own taxes which he was entitled to deduct in his return of income. Magruder v. Supplee, supra. Bernheimer Co. v. Commissioner, 41 B.T.A. 249, affirmed 2 Cir., 121 F.2d 454 upon which the petitioner relies is distinguishable. The issue there involved the right of the owner of property who reported its income on the accrual basis to accrue and deduct taxes after they had been assessed but before they were due, where ownership remained unchanged.

■ In the brief for the petitioner we are told that inasmuch as the "transactions in New York City real estate are so numerous that the question is one of great importance," the Commissioner has brought this petition "in order to establish a clear, definite and workable rule for the federal administration of its income tax laws with respect to when New York City real estate taxes become a liability, are accruable, are deductible and by whom, when real property is sold or transferred." The idea seems to be that there should be a federal rule establishing a uniform date determinative of the enumerated questions. Cf. Estate of Rogers v. Commissioner, 320 U.S. 410, 64 S.Ct. 172, 88 L.Ed. 134; Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410; Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199. These cases deal with instances in which the federal law and not the state law controls as to what is taxed. But the present issue concerns the right to a deduction and taxes which may be deducted under § 23(c) (1) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 23(c) (1), are often, as in this instance, laid by taxing authorities other than the federal government. Then what are taxes and who is the taxpayer depends upon local law. We see no escape from the resulting difficulties in administration.

Affirmed.

FRANK, Circuit Judge (concurring).

In S. E. & M. E. Bernheimer Co. v. Commissioner, 41 B.T.A. 249, affirmed Helvering v. S. E. & M. E. Bernheimer Co., 2 Cir., 121 F.2d 454, the record was silent as to whether the taxpayer was a resident of the taxing district and (as shown by the

Commissioner's brief therein) the case was argued in this court on the assumption that it was a resident. As here vendor was a non-resident, we need not consider (and I understand do not) whether decision would have been in taxpayer's favor had the vendor been a resident.