COMMISSIONER OF INTERNAL REVENUE v. ADDA, Inc.

No. 35, Docket 20919.

United States Court of Appeals
Second Circuit.

Dec. 6, 1948.

As Amended on Denial of Rehearing
Jan. 14, 1949.

---

Theron Lamar Caudle, Sewall Key, Mary Helen Wigle, George A. Stinson and Helen Goodner, all of Washington, D. C., for petitioner.

Benjamin Mahler, of New York City, for respondent.

Before SWAN, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The Commissioner contends that the vendor was personally liable for the real estate taxes before Adda, Inc., the taxpayer, acquired title, and that therefore the taxpayer was not liable for such tax-es, and could not properly deduct them, although it paid them. We cannot agree.

We need not here consider whether, in the light of Village of Massapequa Park v. Massapequa Park Villa Sites, 278 N.Y. 28, 15 N.E.2d 177, a resident is ever personally liable for New York City real estate taxes. [1] For assuming, arguendo, that, in the appropriate circumstances, he is, we think that no such personal liability comes into existence until the tax is "due and payable." See Matter of Appell, 199 App.Div. 580, 192 N.Y.S. 136, affirmed 234 N.Y. 600, 138 N.E. 462. There the court held the personal representative not liable for real estate taxes not "due and payable" during the decedent's life; the rationale of that decision leads to the conclusion that a vendor of real estate is not personally liable for a tax thereon which is not "due and payable" at the time when title passed to the vendee.

The tax involved in Matter of Appell, 199 App. Div. 580, 192 N.Y.S. 136 (affirmed 234 N.Y. 600, 138 N.E. 462), was levied in 1915 before the effective date of L. 1916, c. 323, § 43, effective April 26, 1916, which amended § 71 of the New York Tax Law to read, in part: "If the owner of a parcel or portion of real property is a resident of the tax district in which such parcel or portion of real property is assessed, and his name is correctly entered on the assessment-roll, he shall be personally liable for the tax assessed against such parcel or portion of real property." The Commissioner asserts that this section imposes personal liability on the vendor even though the tax is not "due and payable" until after the sale. However, the Appell case has been followed since the enactment of the statute in Matter of Eckenroth's Estate, 167 Misc. 632, 4 N.Y.S.2d 582, and Matter of Pinkney's Estate, 170 Misc. 645, 12 N.Y.S. 2d 69. Magruder v. Supplee, 316 U.S. 394, 62 S.Ct. 1162, 86 L.Ed. 1555, is distinguishable because there the taxes were due and payable, there was a lien on the property, and the vendor was personally liable for the taxes before the sale.

---

[1] In Commissioner of Internal Revenue v. Le Roy, 2 Cir., 152 F.2d 936, 937, where the vendor was a non-resident, we left open the question whether the rule would be different if the vendor was a resident.

We regard as inapposite Helvering v. S. E. & M. E. Bernheimer Co., 41 B.T.A. 249, affirmed, 2 Cir., 121 F.2d 454. That case held merely that if a taxpayer who made his return of federal income tax on an accrual basis elected to pay in full the New York real estate tax when only the first instalment of that tax was due and payable, he could properly deduct that entire payment as if the total liability had accrued at the time of such payment. See Commissioner of Internal Revenue v. Le Roy, 2 Cir., 152 F.2d 936, 937. We agree with the following statement of the Tax Court: "A privilege accorded the taxpayer to accrue taxes before they are due, when his books are kept and returns are made on the accrual basis, does not thereby impose a liability to pay taxes before they become due."

Affirmed.