*Decision will be entered for the respondent.*

ASTHMANEFRIN COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51339. Filed February 29, 1956.

*Frank H. Spears, Esq.,* and *Cody W. Shatley, Esq.,* for the petitioner.

*Wendell M. Basye, Esq.,* for the respondent.

#### OPINION.

VAN FOSSAN, *Judge:* Respondent determined a deficiency of $404.38 in petitioner's income tax for the year 1949. The deficiency was, in part, consequent on respondent's holding that the sum of $746.50 expended by petitioner in November and December 1949 for the payment of 1949–1950 real property ad valorem taxes on two parcels of real estate acquired by petitioner in April 1949, should be capitalized as a part of the cost of such property and that such sum was not deductible from gross income as taxes paid. This holding gives rise to the sole issue. A second issue stated in the petition has been conceded by the taxpayer.

With the exception of the one statement adduced by oral testimony—i. e., that the real property taxes for the year 1948–1949, which were prorated pursuant to contract, were capitalized on the 1949 tax return, all facts were stipulated.

Respondent contends that the taxes were assessed on January 1, 1949, the date the description of the real property to be assessed was entered on the assessment roll. Petitioner contends that the entry on the assessment roll as of January 1, 1949, was but the first step in the taxing process; that the tax was thereafter subject to revision by the board of equalization in the month of May and did not become final and a lien against the property until July 1, 1949; that when petitioner acquired the property in April, the tax was not a lien on the property; that no part of the tax was due and payable until November 1949; that under the Oregon tax statutes there was no personal liability for real property ad valorem taxes except in the single instance where the value of the real property has been or may be substantially dissipated, removed, or destroyed by the owner thereof or by his authority.

In brief the stipulated facts are:

Petitioner is an Oregon corporation located in Portland, Oregon, and filed its corporation income tax return for the year 1949 with the then collector of internal revenue at Portland, Oregon.

Petitioner kept its books and filed its income tax returns on an accrual basis of accounting on the basis of the calendar year.

On or about March 30, 1949, the petitioner, as purchaser, and Rychen M. Paddack and Juanita W. Paddack, as sellers, entered into a contract for the purchase and sale of certain land with a building thereon located in the City of Portland, County of Multnomah, State of Oregon. The contract provided that the real property taxes for the fiscal year commencing July 1, 1948, and ending June 30, 1949, were to be prorated between the parties on a fiscal year basis. No mention or agreement whatsoever was made in the contract for the payment of the real property taxes for the fiscal year commencing July 1, 1949, and ending June 30, 1950. Pursuant to the contract the real property was duly conveyed by Rychen M. Paddack and Juanita W. Paddack to petitioner on April 13, 1949, by a warranty deed dated April 13, 1949, recorded April 28, 1949, in Book 1332 at page 490, Deed Records of Multnomah County, Oregon.

On or about April 8, 1949, the petitioner, as purchaser, and T. R. Asbahr and Florence N. Asbahr, as sellers, entered into a contract for the purchase and sale of certain land located in the City of Portland, County of Multnomah, State of Oregon. The contract provided that the real property taxes for the fiscal year commencing July 1, 1948, and ending June 30, 1949, were to be prorated between the parties on a fiscal year basis. No mention or agreement whatsoever was made in the contract for the payment of the real property taxes for the fiscal year commencing July 1, 1949, and ending June 30, 1950. Pursuant to the contract the land was duly conveyed by T. R. Asbahr and Florence N. Asbahr to petitioner on April 25, 1949, by a warranty deed

dated April 25, 1949, recorded April 26, 1949, in Book 1332 at page 154, Deed Records of Multnomah County, Oregon.

On November 7, 1949, the petitioner paid the sum of $679.72 to the sheriff and tax collector of Multnomah County, Oregon, for property taxes assessed on the real property acquired April 13, 1949. The taxes paid November 7, 1949, were assessed January 1, 1949, for the tax year beginning July 1, 1949, and ending June 30, 1950.

On December 5, 1949, the petitioner paid the sum of $66.78 to the sheriff and tax collector of Multnomah County, Oregon, for taxes assessed on the tract of land acquired April 25, 1949. The taxes paid December 5, 1949, were assessed January 1, 1949, for the tax year beginning July 1, 1949, and ending June 30, 1950.

The real property acquired by petitioner on April 13, 1949, was assessed by the county assessor of Multnomah County, Oregon, on the January 1, 1949, assessment roll in the name of Rychen M. Paddack and Juanita W. Paddack. At no time during the calendar year 1949 was the value of such real property substantially dissipated, removed, or destroyed.

The real property acquired by petitioner on April 25, 1949, was assessed by the county assessor of Multnomah County, Oregon, on the January 1, 1949, assessment roll in the name of T. R. Asbahr and Florence N. Asbahr. At no time during the calendar year 1949 was the value of such real property substantially dissipated, removed, or destroyed.

It is thoroughly settled that the purchaser of real property who thereafter pays the tax thereon for the year of purchase may deduct real property ad valorem taxes assessed against the property before he acquires title to it if no lien has attached to the property for the taxes prior to acquisition and the taxes were not a personal debt of the vendor under the applicable law. *Magruder* v. *Supplee,* 316 U. S. 394; *Robert LeRoy,* 4 T. C. 70, affd. 152 F. 2d 936; *Adda, Inc.,* 9 T. C. 199, affd. 171 F. 2d 367; *F. A. Gillespie Trust,* 21 T. C. 739. Thus, in the present case, if under Oregon law, there was neither a personal liability on the part of petitioner's grantor nor any lien on the real property prior to the date of the sale, petitioner was entitled to deduct the full amount of the 1949–1950 real property ad valorem taxes paid by it in the year 1949.

There is no question that the lien for Oregon real property ad valorem taxes comes into existence on the first day of July of the taxable year. (Sec. 110–829, Ore. Comp. Laws Ann.)[1] Thus, when

[1] Sec. 110–829. Liens on realty and personalty: When lien attaches: Effect of transfer of property: Lien to include what: Priority: Payment of taxes as requisite to entry or operation of judgment or order: Receipt. All taxes lawfully imposed or levied on real or personal property, including delinquent taxes on personal property charged on real property, shall be and hereby are declared to be liens on such real and personal property, respectively. Taxes on real property shall be a lien thereon from and including the first day of July of the year in which they are levied until paid and, except as otherwise specifically provided by law, such lien shall not be voided or impaired. * * *

1142

petitioner acquired title to the two parcels of real property during April 1949, the lien for the taxes in question had not become affixed against the property and did not so become a lien until July 1, 1949, at which time petitioner was the owner of the property. There is no personal liability for real property ad valorem taxes in the State of Oregon excepting one isolated instance which is specified by statute. (Sec. 110–1001, Ore. Comp. Laws Ann.)[2] Under this provision, personal liability for taxes levied on real property exists where the value of such property is or may be substantially dissipated, removed, or destroyed by the owner or by his authority subsequent to the assessment day of any year. In the present case it has been stipulated as a fact that at no time during the calendar year 1949 was the value of any of the real property in question substantially dissipated, removed, or destroyed.

Thus it is that the facts here present and the Oregon law here applicable bring this case squarely within the rationale of *Robert LeRoy, supra; Adda, Inc., supra; F. A. Gillespie Trust, supra.* The above-cited decisions are full authority for sustaining petitioner.

Since the real property ad valorem taxes paid by petitioner in November and December of 1949 were not a lien on the real property acquired by petitioner and, further, since petitioner's grantors had no personal liability for the taxes, it follows that petitioner was entitled to deduct on its income tax return for the year 1949 the 1949–1950 taxes paid in the amount of $746.50 and was not required to capitalize those taxes as contended by respondent.

*Decision will be entered under Rule 50.*

[2] Sec. 110–1001. Dissipation, removal or destruction of value of realty subsequent to assessment or tax day as making taxes thereon a debt: Action to collect such taxes delinquent as additional remedy: Provisional remedies available: Writs of attachment. All taxes levied on real property, the value of which has been or may substantially be dissipated, removed or destroyed by the owner thereof, or by his authority, subsequent to the assessment or tax day of any year, shall be a debt due and owing from the owner or owners of said real property from the time said taxes are or may be levied, and in case said taxes shall not be paid before the same become delinquent, or on the earlier demand of the tax collector, the county in which said taxes are due and owing may, in addition to the remedies now provided by statute for the collection of taxes on real property, maintain an action for itself, and for all other municipal corporations, taxing districts or political subdivisions sharing in said taxes, against the owner or owners of said property for the collection of said taxes, together with interest, penalties, costs and other lawful charges thereon. * * *