ROBERT LeRoy, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2291. Promulgated September 29, 1944.

*Clarence Castimore, Esq.*, for the petitioner.
*Bernard J. Long, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge*: The first issue involves the deduction of the amount of $1,500 as a bad debt. Briefly, the facts show that varying sums were loaned by and repaid to petitioner from November 15, 1938, to July 1, 1940, at which time the amount outstanding was $1,500. At that time petitioner made demand for payment. The debtor, who was hopelessly insolvent, was unable to pay. Petitioner then proceeded to sell the collateral, which he bid in himself at public auction for $100, paying $140 as expenses. These circumstances, we think, clearly show that the debt became worthless in 1940. On this point the determination of the Commissioner was erroneous.

The second issue concerns the deductibility of real estate taxes paid the city of New York for the first half of the fiscal year ended June 30, 1941. The taxes were assessed and levied under chapter 7 of the Charter of the City of New York,[1] the material provisions of which are set out below.[2]

---

[1] Adopted under the authority of ch. 867, New York Session Laws of 1934, on Nov. 3, 1936, and effective, with certain exceptions not here material, Jan. 1, 1938. (Charter sec. 983.)

[2] CHAPTER 7.—TAX ADMINISTRATION.

\* \* \* \* \* \* \*

Taxable Status of Property.

§ 157. The taxable status of all real property assessable for taxation in the city of New York shall be fixed for the succeeding fiscal year on the twenty-fifth day of January in each year.

Assessment of Real Property.

§ 158. The assessors shall commence to assess real estate on the first day in August in each year, not a Sunday or a legal holiday.

\* \* \* \* \* \* \*

Respondent contends in effect that the amounts paid by petitioner in satisfaction of the tax liability for the first half of New York City's fiscal year are not "taxes paid" within the meaning of section 23 (c) of the Internal Revenue Code, but rather must be treated as part of the cost of the property transferred to petitioner on September 30, 1940.

It is now settled that whether a purchaser of real estate who pays

---

Assessment-rolls ; Preparation and Delivery.

§ 167. Commencing immediately after the closing to public inspection and examination of the books of annual record of the assessed valuation of real estate, the president shall cause to be prepared from such books assessment-rolls for each borough in such manner as shall be provided by law.

As soon as such rolls are completed, the president shall annex to each of such rolls his certificate that the same is correct in accordance with the entries and corrected entries in the several books of annual record. The rolls so certified must, on or before the twentieth day of June in each year, be delivered by the president to the council and shall within two weeks thereafter be published in the City Record.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Fixing of Tax Rate.

§ 169. The council shall meet not later than the twenty-fifth day of June to fix the annual tax rate. \* \* \*

Completion of Assessment-rolls.

§ 170. At such annual meeting the council shall cause to be set down in the assessment-rolls, opposite to the several sums set down as the valuation of real property, the respective sums, in dollars and cents, to be paid as a tax thereon, rejecting the fractions of a cent. \* \* \*

Delivery of Assessment-rolls to Treasurer.

§ 171. Immediately upon the completion of the assessment-rolls, the city clerk shall procure the proper warrants authorizing and requiring the treasurer to collect the several sums therein mentioned according to law. \* \* \* Immediately thereafter and on or before the thirtieth day of June, the assessment-rolls of each borough, as corrected according to law and finally completed, or a fair copy thereof, shall be delivered by the president of the council to the treasurer with the proper warrants, \* \* \* annexed thereto. At the same time the president of the council shall notify the comptroller of the amount of taxes in each book of the assessment-rolls so delivered.

The treasurer, upon receiving the assessment-rolls and warrants, shall immediately cause the assessment-rolls and warrants of each of the several boroughs to be filed in the respective borough offices.

Taxes Due and Payable.

§ 172. The treasurer shall, immediately after he shall have received the assessment-rolls, give public notice for at least five days in the City Record and in such newspaper or newspapers published in the several boroughs as may be designated by the supervisor of the City Record with the approval of the mayor and the comptroller, that the assessment-rolls have been delivered to him and that all taxes shall be due and payable at his office in the respective boroughs as follows :

All taxes upon real estate for each fiscal year shall be due and payable in two equal installments, the first of which shall be due and payable on the first day of October in such year, the second of which shall be due and payable on the first day of April in such year. \* \* \*

All taxes shall be and become liens on the real estate affected thereby and shall be construed as and deemed to be charged thereon on the respective days when they become due and payable, and not earlier, and shall remain such liens until paid.

Any installment of taxes on real estate, which is due and payable on any date subsequent to the date upon which the first installment becomes due and payable, may be paid on the date when the first installment becomes due and payable or at any time thereafter, provided all prior installments shall have been paid or shall be paid at the same time ; and on such payment of such subsequent installment prior to the date upon which it becomes due and payable, a discount shall be allowed from the date of payment to the date when such installment would otherwise be due and payable at the rate of four per centum per annum or at such lesser rate as may be fixed by the board of estimate.

taxes thereon for the year of purchase may deduct the amount paid as "taxes paid or incurred within the taxable year" depends upon whether the vendor was personally liable for such taxes or a lien had attached to the property prior to the transfer. *Magruder* v. *Supplee*, 316 U. S. 394; *United States* v. *Consolidated Elevator Co.*, 141 Fed. (2d) 791. If on the date the purchaser took title to the property there was neither lien nor personal liability on the part of the seller to pay the tax, then petitioner is entitled to deduct the amount paid by him. *Ernst Kern Co.*, 1 T. C. 249; *Noble* v. *Jones*, 45 Fed. Supp. 504; appeal dismissed 130 Fed. (2d) 754.

It is apparent from the provisions of section 172 of the Charter of the City of New York that no tax lien attached before the due date of the first installment of taxes, which was October 1. Petitioner purchased the property prior to that time. There is no provision in the charter in respect of personal liability for real estate taxes. Section 71 of the Tax Law of the State of New York does provide, however, that personal liability for real estate taxes attaches when two circumstances are present, (1) the owner is a resident of the tax district in which the property is located, and (2) his name is correctly entered on the assessment roll. It becomes unnecessary, however, for us to examine the evidence on this phase of the question, as in no event would personal liability for the amount of the taxes arise prior to the date of the attachment of the lien. *Berri* v. *City of New York*, 16 N. Y. S. (2d) 86; affd., 19 N. Y. S. 347; *United States* v. *Certain Lands in the Borough of Brooklyn*, 41 Fed. Supp. 51; cf. *United States* v. *44,549 Square Feet of Land in the Borough of Brooklyn*, 41 Fed. Supp. 523.

Since, then, there was neither personal liability nor any lien prior to the date of the sale, petitioner was entitled to deduct the full amount of taxes paid by him in the year 1940.

The case of *S. E. & M. E. Bernheimer Co.*, 41 B. T. A. 249; affd. *per curiam*, 121 Fed. (2d) 454, is not in point. That case dealt with the proper time for a taxpayer on the accrual basis to deduct New York City real estate taxes. The statute there involved was different from the one we are concerned with here; no question was present in that case as to the personal liability of the taxpayer to pay the tax; and, as that decision was handed down prior to *Magruder* v. *Supplee*, *supra*, it does not discuss the considerations upon which the latter case rested.

Alternatively, respondent contends that petitioner should be entitled to deduct no more than actually paid by him and not the portion for which he was prepaid by the vendor in the adjustment preceding the closing of the sale. However, if assumption of the liability of the vendor be treated as an addition to the cost of the property, as in

*Magruder* v. *Supplee, supra,* adjustment for that part of the tax applicable to the period prior to the transfer is properly a reduction of the cost of the property, where the obligation falls upon the vendee, and is to be capitalized.

We hold, therefore, that the determination of the Commissioner in respect of this item was erroneous and that the petitioner is entitled to deduct the full amount of the taxes paid on October 29, 1940.

*Decision will be entered under Rule 50.*