Lawrence Operating Corporation v. Commissioner.
Lawrence Operating Corp. v. Comm'r
Docket No. 4439. United States Tax Court
1945 Tax Ct. Memo LEXIS 311; 4 T.C.M. (CCH) 144; T.C.M. (RIA) 45051; February 3, 1945
*311 Max Rolnik, C.P.A., for the petitioner. Ellyne E. Strickland, Esq., for the respondent ARUNDELL
Memorandum Opinion ARUNDELL, Judge: The respondent has determined a deficiency income tax for the year 1941, in the sum of $1,339.81. All issues have been settled by the parties, except one involving the question as to the deductibility of New York City real estate taxes, The facts were stipulated by the parties and are set forth as agreed to. [The Facts] The petitioner is a corporation with principal office at 1991 Jerome Avenue, Bronx, New York. Petitioner's income tax return for the calendar year 1941 was filed with the *312 Collector of Internal Revenue for the 14th District of New York.it keeps its books and files its returns on an accrual basis of accounting. During the year 1939 petitioner acquired the premises 1895 Walton Avenue, Bronx, New York, at a cost of $113,000.00. It is agreed that the proper allocation of this total cost between land and building is $83,000.00 for the building and $30,000.00 for the land, and that a fair rate of depreciation is 3% per year. On July 1, 1941, petitioner purchased the premises 560-2 West 175th Street, New York, New York for the sum of $197,525.40. It is agreed that the proper allocation of this sum between land and building is $157,525.40 for the building and $40,000.00 for the land, and that a fair rate of depreciation is 3 1/3% per year. It is agreed that the net income of $6,636.09 set forth in the deficiency notice is to be reduced by (a) (1) $1,189.42 additional depreciation on the West 175th Street property being at the rate of 3 1/3% on $157,525.40 for a half year, or $2,625.42. as against the $1,436.00 previously allowed; and (a) (2) $940.50 additional depreciation on the Walton Avenue property being at the rate of 3% on $83,000.00, or $2,490.00, *313 as against the $1,549.50 previously allowed; and (b) by the sum of $1,031.19 net operating loss brought forward from 1939 over and above the net income for 1940. Both (a) and (b) adjustments are due to allowing depreciation on the bases and rates set forth herein. Subsequent to July 1, 1941, and prior to October 1, 1941, petitioner received a bill in the sum of $6,216.00 representing real estate taxes due the City of New York for the fiscal year ended June 30, 1942, on the property known as 560-2 West 175th Street, New York, New York, onehalf of which was indicated as becoming due and payable on October 1, 1941, and the balance on April 1, 1942. On October 31, 1941, petitioner paid the City of New York the amount of $3,108.00 on account of the said real estate taxes. Assessment of the taxes referred to in the preceding paragraph was made in accordance with the provisions of sections 167 and 171 of the charter of the City of New York, effective January 1, 1938. The petitioner concedes that the deduction of $1,856.02, which was claimed for certain expenses alleged to have been incurred in connection with the operation of the petitioner's business, was properly disallowed by the *314 respondent. At the hearing of tis cause in New York, on January 16, 1945, counsel for the respective parties were in agreement that this cause is on all fours with that of Robert LeRoy, 4 T.C. 70. In view of the statements by counsel, decision for the petitioner was rendered from the bench. A judgment of no deficiency will be entered. Decision will be entered for the petitioner.