**COMMISSIONER OF INTERNAL REVENUE v. MILNER HOTELS, Inc.**

No. 10748.

United States Court of Appeals Sixth Circuit.

March 28, 1949.

Howard P. Locke, of Washington D. C. (Theron Lamar Caudle, Ellis N. Slack and Helen Goodner, all of Washington D. C., on the brief), for petitioner.

William G. Butler, of Detroit, Mich. (Edward S. Reid, Jr., and William G. Butler, both of Detroit, Mich., on the brief; Miller, Canfield, Paddock & Stone, of Detroit, Mich., of counsel), for respondent.

Before HICKS, Chief Judge, and SIMONS and MILLER, Circuit Judges.

HICKS, Chief Judge.

Petitioner, Commissioner of Internal Revenue, seeks a review of a decision of the Tax Court that respondent, Milner Hotels, Inc., properly deducted from its income tax return for 1943, taxes paid by it to New York City upon real estate located therein. The stipulated facts, accepted as such by the Tax Court, are briefly stated as follows:

About December 1, 1942, the Mutual Life Insurance Company agreed in writing to sell to one Corr certain real estate located in the Borough of Manhattan. Corr was acting for the respondent. On January 7, 1943, the Insurance Company executed a deed to Corr and he in turn made a deed to respondent.

Taxes on real estate in New York City are assessed for the fiscal year from July 1st to June 30th.

Section 167 et seq. of the Charter of the City of New York provides that certified assessment rolls shall be delivered on or before June 20th of each year to the President of the Council, that the Council shall meet

---

4 Fed.Cas.No.14,555.

to fix the tax rate not later than June 25th, and that at such meeting the Council shall set down on the assessment rolls the amounts of taxes; and that before June 30th the completed assessment rolls shall be delivered to the Treasurer with proper tax warrants. Sec. 172 also provides as follows:

"All taxes upon real estate for each fiscal year shall be due and payable in two equal installments, the first of which shall be due and payable on the first day of October in such year, the second of which shall be due and payable on the first day of April in such year. * * *

"All taxes shall be and become liens on the real estate affected thereby and shall be construed as and deemed to be charged thereon on the respective days when they become due and payable, and not earlier, and shall remain such liens until paid."

The Insurance Company paid the taxes on the first instalment due October 1, 1942 and on or about April 1, 1943 respondent paid the second instalment due and payable on that date and covering the period from January 1, 1943 to June 30, 1943. It took a deduction in its 1943 return for the amount so paid. It based its claim for this deduction upon Sec. 23 of the Internal Revenue Code, 26 U.S.C.A. § 23, which in so far as is material here, is as follows:

"Sec. 23. Deductions from Gross Income.

"In computing net income there shall be allowed as deductions:

*   *   *   *   *   *

"(c) [as amended by Section 202(a) of the Revenue Act of 1941, c. 412, 55 Stat. 687] Taxes Generally.

"(1) Allowance in general. Taxes paid or accrued within the taxable year, except—* * *."

Petitioner insists that the taxes so paid by respondent did not accrue to it but did accrue to its vendor, who was the owner of the property when the taxes were assessed to it in June 1942.

We think that the Tax Court was right in allowing the deduction. By the provision of Sec. 172 of the Charter of the City of New York above quoted, the taxes paid by respondent did not become due and pay-

able until April 1st of the taxable year 1943, and did not become a lien or charge upon the real estate until that date.

The facts in this case are similar to those involved in the case of Commissioner v. Adda, 2 Cir., 171 F.2d 367, and our conclusion is in harmony with the decision in that case.

The decision of the Tax Court is affirmed.