KEIL PROPERTIES, INC., A DELAWARE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49348.   Filed September 27, 1955.

*David S. Keil, Esq.*, and *Harold Shaffer, Esq.*, for the petitioner.
*William G. Handfield, Esq.*, for the respondent.

1114

WITHEY, *Judge:* The respondent determined a deficiency of $1,276.23 in the income tax of petitioner for 1949.

The sole issue presented is the correctness of the respondent's action in determining that petitioner is not entitled to a deduction for certain Delaware ad valorem taxes accrued and paid in 1949 on real estate acquired on May 2, 1949, and situated in Wilmington, Delaware.

A second issue concerning the deductibility of stamp taxes has been disposed of by stipulation.

All of the facts have been stipulated and are found accordingly.

The petitioner filed its income tax return for 1949 with the collector of internal revenue for the district of Delaware. The return was prepared on an accrual basis.

Petitioner is a corporation organized under the laws of Delaware with its principal place of business at Wilmington, Delaware.

The parcels of real estate on which the Delaware taxes here in question were paid were acquired by petitioner on May 2, 1949. The properties were situated in the city of Wilmington, county of New Castle, and were subject to city and school taxes and county realty taxes.

Pursuant to the Delaware statutes relating to the valuation of real estate for purposes of county taxation, the Board of Assessment of New Castle County is required to assess realty located within the county during March of each year. For purposes of city taxation, real estate must be valued by the Board of Assessment of the City of Wilmington prior to March 15 of each year. 44 Del. Laws, ch. 90; 28 Del. Laws, ch. 121 (14).

Such assessments are required by Delaware law to be published annually prior to April 1. 28 Del. Laws, ch. 121 (14); 44 Del. Laws, ch. 90; 46 Del. Laws, ch. 303. For purposes of county taxation, such valuations are binding on the owner of the property assessed unless an appeal is filed by April 1. 45 Del. Laws, ch. 125; 44 Del. Laws, ch. 90. The final date on which assessment for the city of Wilmington may be appealed is April 15 of the assessment year. 36 Del. Laws, ch. 142 (2). The 1949 valuation of the parcels of real estate held by petitioner was not appealed.

The parties have stipulated that petitioner's real estate was valued for purposes of county taxation on April 1, 1949, and, for purposes of city taxes, was valued on April 15, 1949. By so stipulating, we understand the parties to mean that the assessments became conclusive and binding as of those dates.

Under the Delaware assessment statutes, the valuation figures determined by the Board of Assessment of New Castle County are subsequently tendered to the County Levy Court, and the valuations fixed by the Board of Assessment of the City of Wilmington are forwarded

to the Wilmington Mayor and Council for determination of the rate of taxation. 45 Del. Laws, ch. 125 (2).

The New Castle County tax rate per hundred dollars property valuation was fixed by the Levy Court on May 16, 1949. The city tax rate per hundred dollars property valuation was fixed by the mayor and council of the city of Wilmington on May 26, 1949. The school tax rate per hundred dollars of property valuation likewise was fixed by the mayor and council of the city of Wilmington on May 26, 1949.

New Castle County real estate taxes for the fiscal year beginning July 1, 1949, became a lien on assessed property and were due and payable on July 1, 1949. City and school taxes imposed by the city of Wilmington for that fiscal year also became a lien upon realty and were due and payable on July 1, 1949.

On August 17, 1949, petitioner paid to the Receiver of Taxes and Treasurer of New Castle County $1,039.12 representing county taxes due on real estate owned by petitioner situated in New Castle County. On July 20, 1949, petitioner paid to the City Tax Collector for the Northern District of the City of Wilmington $4,709.34, representing the city and school taxes due on property owned by petitioner in Wilmington.

Section 23 (c) (1) of the Internal Revenue Code of 1939 [1] allows a deduction for taxes paid or accrued during the taxable year.

The United States Supreme Court has held that taxes are deductible under section 23 (c) (1) only by the person upon whom they are imposed. *Magruder* v. *Supplee*, 316 U. S. 394. In that case, taxpayers had purchased several parcels of real estate in Baltimore, Maryland. The State and city taxes thereon for the years of purchase had not been paid at the time of transfer of ownership. The sales contracts provided for apportionment of real estate taxes, the purchasers agreeing to pay the entire amount of the taxes, and the sellers undertaking to bear the burden of that portion of the taxes allocable to the fraction of the years during which the sellers held title to the property. Adjustments were made in the purchase price to reflect this arrangement.

Taxpayers subsequently paid the full amount of the realty taxes. In their Federal income tax returns for the years during which the real estate taxes were paid, taxpayers deducted the portion of the taxes allocable to the fraction of the year for which they owned the property. The returns were prepared on the cash basis. The deductions claimed were disallowed by the Commissioner and a deficiency determined against them. Taxpayers paid the deficiency and brought suit for refund.

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

*        *        *        *        *        *        *

(c) TAXES GENERALLY.—

(1) ALLOWANCE IN GENERAL.—Taxes paid or accrued within the taxable year, except—

**1116**

The Commissioner argued that since under Maryland law the realty taxes had already become a lien against the property prior to the date of sale, the taxes were imposed upon the sellers of the property and the amounts paid by the purchasers should be treated by them as part of the cost of the property.

The Supreme Court sustained the Commissioner's contention, holding that a purchaser of real estate is not entitled to deduct any portion of the taxes paid by him during the year of purchase if, prior to the date of sale, the taxes had become either the personal liability of the seller or a lien against the land.

Respondent here contends that the realty taxes paid by petitioner actually accrued as a liability to the prior owner of the land on April 1, 1949, and consequently are not deductible by petitioner since it in fact paid the taxes of another. Respondent relies solely on the authority of his ruling in G. C. M. 23512, 1943 C. B. 134, in which he ruled, on facts essentially identical to those before us, that, in Delaware, real property taxes accrue for Federal income tax purposes as of the date of assessment.

Taxes, like other items of expense, accrue when the obligation to pay them becomes fixed and the amount of liability certain. *Spring City Foundry Co.* v. *Commissioner*, 292 U. S. 182; *United States* v. *Anderson*, 269 U. S. 422. Real property taxes cannot accrue to the taxpayer until both the tax base and the rate of taxation are determined and until the tax becomes due and payable and a lien on assessed property or personal liability attaches, as the case may be. *Commissioner* v. *Milner Hotels, Inc.*, 173 F. 2d 566.

The opinion of the Supreme Court in *Magruder* v. *Supplee, supra*, points out that in determining the person upon whom realty taxes are imposed the pivotal questions are whether the taxpayer became personally liable for the taxes or whether a lien for such taxes attached to the property subsequent to its acquisition by the taxpayer. The answer to these questions must, of course, be determined by reference to Delaware law. It is undisputed that the county, city, and school taxes here in question were due and payable July 1, 1949, and became a lien against the land held by petitioner on that date. 40 Del. Laws, ch. 135, sec. 1; 28 Del. Laws, ch. 119. The realty taxes due on the parcels of land held by petitioner on July 1, 1949, therefore, could not accrue as a liability of the prior owners since the property was sold to petitioner on May 2, 1949.

Following the decision of the Supreme Court in *Magruder* v. *Supplee, supra*, the reported cases considering the question here presented have held without exception that where a real estate tax did not become the liability of the seller prior to the date of sale, the purchaser in whose hands the property subsequently became charged with a lien or who became personally liable for payment of the tax

was entitled to deduct the taxes paid by him notwithstanding the fact that he reported income on the accrual basis and the fact that assessment of the property antedated the change of ownership. *Adda, Inc.*, 9 T. C. 199; *Commissioner* v. *Milner Hotels, Inc., supra; Commissioner* v. *Lawrence Operating Co.*, 152 F. 2d 938. See *Ernst Kern Co.*, 1 T. C. 249; *F. A. Gillespie Trust*, 21 T. C. 739; *Commissioner* v. *LeRoy*, 152 F. 2d 936, affirming 4 T. C. 70.

Accordingly, we hold that the Delaware real estate taxes in issue accrued as a liability to petitioner on July 1, 1949, and that they were deductible by it under section 23 (c) (1) of the 1939 Code.

*Decision will be entered for the petitioner.*