MESSER OIL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57706. Filed August 30, 1957.

---

*Cornelius J. McCarthy, Esq.*, for the petitioner.
*James E. Markham, Jr., Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* The Commissioner determined deficiencies in income tax for the taxable (calendar) years ended December 31, 1950 and 1951, in the amounts of $10,705.38 and $3,181.84, respectively.

The deficiency for the year 1950 is due to the respondent's determination that property taxes imposed for the year 1951, which were levied on December 20, 1950, but which became a lien on the property on January 1, 1951, accrued and became deductible in 1951 rather than 1950, as claimed by petitioner.

The deficiency for the year 1951 is due to a similar adjustment.

The petitioner, by appropriate assignments of error, has placed the deficiencies for both years in issue. No brief has been filed by the petitioner.

All of the facts have been stipulated, are found accordingly, and are summarized below.

The petitioner is a corporation organized and existing under the laws of the State of New York and has its principal office in Olean, Cattaraugus County, New York. The returns for the periods involved herein were filed with the then collector or district director of internal revenue for the twenty-eighth district of New York.

Petitioner owns and operates oil-producing properties in Allegany County, New York, and is engaged in the business of producing crude oil. Petitioner has regularly employed an accrual method of accounting in keeping its books and has computed its net income and filed its returns in accordance with that method.

The assessed value of petitioner's property in Allegany County, against which its county, town, and highway taxes (hereinafter referred to as property taxes) were levied, was determined on the basis of petitioner's daily average production.

The assessment and collection of taxes by the county of Allegany for the periods relevant herein have been on a calendar year basis. Petitioner's property taxes were levied by Allegany County, New York.

The confirmation of the tax roll and its spread by the board of supervisors of the county of Allegany, pursuant to section 58 of the Tax Law of the State of New York,[1] took place in December of the year prior to the year for which the taxes were imposed. Prior to April 5, 1950, the taxes became a lien on the property in December of the prior year upon the occurrence of those events.

In accordance with the above procedure, petitioner's property taxes for the year 1950 were levied on December 23, 1949. In the year 1949, the petitioner, as it had done in prior years, accrued and deducted its 1950 Allegany County property taxes, and said deduction was allowed by respondent.

The Tax Law of the State of New York was amended,[2] as of April 5, 1950, so as to provide that real property taxes should become a lien on the property on January 1 of the year for which the taxes are imposed.

Property taxes in the amount of $33,464.74 for the year 1951 were levied on petitioner as reported to the Allegany County treasurer by the clerk of the board of supervisors on December 20, 1950. Petitioner, in the calendar year 1950, accrued and claimed that amount as a deduction for property taxes.

Respondent disallowed the amount of $33,464.74 as a deduction in petitioner's return for the calendar year 1950 on the ground that said amount did not become a lien upon the property until January 1, 1951. Respondent allowed no amount as the deduction for property taxes in petitioner's return for 1950.

Property taxes in the amount of $39,667.19 for Allegany County, New York, for the year 1952 were levied on the properties of petitioner as reported to the Allegany County treasurer by the clerk of the board of supervisors on December 20, 1951. Petitioner, in the calendar year 1951, accrued and claimed that amount as a deduction for property taxes.

[1] N. Y. Tax Law.
Sec. 58.   Levy of tax by supervisors
The board of supervisors of each county shall, at its annual meeting, levy the taxes for the county, including the state tax, upon the valuations as equalized by it and estimate and set down in a separate column in the assessment-roll of each tax district therein, opposite to the sums set down as the valuation of real property the sum to be paid as a tax thereon, including the state tax, as fixed by the department of taxation and finance. Such assessment-roll shall, when the warrant is annexed thereto, become the tax-roll of the tax district, and a copy thereof shall be delivered to the proper supervisor, who shall deliver it to the clerk of the proper city or town to be kept by him for its use.
This section was also changed, effective April 5, 1950, by deleting in the first sentence "at its annual meeting" and adding in place thereof "on or before December thirty-first in each year."
[2] N. Y. Tax Law.
Sec. 58-a.   Lien of taxes and assessments
The amount of all taxes and assessments levied by the board of supervisors under this chapter or other law, upon any parcel of real property located in the county shall, except as specifically otherwise provided, be and become a lien thereon as of the first day of January of the fiscal year for which such taxes and assessments are levied and shall remain such a lien until paid.

Respondent disallowed the amount of $39,667.19 as a deduction in petitioner's return for the calendar year 1951. Respondent allowed as a deduction for property taxes to petitioner in its return for the calendar year 1951 the sum of $33,464.74, representing the property taxes for 1951 and which he had disallowed in 1950. Respondent, in making this adjustment, stated in his deficiency notice as follows:

Town, County and Highway taxes accrued on the 1950 return but Disallowed since they became a lien against the property as of January 1, 1951 are an allowable deduction for the year 1951.

The levy of the tax in December of each year did not render the petitioner personally liable for said taxes at that time.[3]

Petitioner seeks to accrue and deduct property taxes when they were levied, which events occurred in taxable years prior to the taxable years in which a lien attached to the property, prior to the taxable years when petitioner became personally liable therefor, and prior to the taxable years for which the taxes were imposed.

Section 23 (c) (1), I. R. C. 1939, allows a deduction for "taxes * * * accrued within the taxable year." We have heretofore held that property taxes accrue when the amount of the tax becomes fixed, payable, and due and when either a lien attaches to the property or when the taxpayer becomes personally liable therefor. See *Keil Properties, Inc.*, 24 T. C. 1113 (1955).

In the instant case, although the amount of tax was fixed and due when the tax was levied, neither a lien attached to the property nor did the petitioner become personally liable at the time of levy (or in the year of levy). Also, the taxes were imposed for the year succeeding the year of levy. Under the circumstances, we cannot say that the property taxes in question accrued during the year of levy as claimed by the petitioner. See *Scio Oil & Gas Co.*, 28 T. C. 426 (1957). Not having accrued, they are not deductible. Sec. 23 (c) (1) of the 1939 Code.

The fact that petitioner will not be entitled to deduct any property taxes in computing its net income for 1950 is not controlling. This is due to the change in New York law regarding the lien date, and any distortion in income is due to petitioner's prior practice of accruing its property taxes at the time of levy.

*Decision will be entered for the respondent.*

---

[3] Section 71 of the N. Y. Tax Law provides that after 30 days' notice the taxes, if unpaid, shall become the personal liability of a resident taxpayer. If petitioner was a resident of Cattaraugus County, where its principal office was located, it would not be personally liable. If petitioner was a resident of Allegany County, it would not be personally liable until some time in January, at the earliest.